Lanz v. McLaughlin and Wife.

*GEORGE LANZ

*vs.*

GEORGE H. McLAUGHLIN and WIFE.

To entitle a party to the specific performance of an alleged contract to convey real property, the contract must be clearly proved, and its terms should be so specific and distinct as to leave no reasonable doubt of their meaning.

To satisfy the requirements of the statute of frauds, a mere offer or proposal in writing to sell lands must be accepted in writing; a mere *parol* acceptance of such offer or proposal is insufficient; such acceptance must be unqualified, so that there is a "clear accession on both sides to one and the same set of terms."

A part performance, such as will take a parol agreement for the sale of lands out of the statute, is not made out by proof that the price mentioned in such offer or proposal has been deposited with the agent of the party to whom the offer was made, and that notice of such deposit has been given to the party making the offer, and that the party to whom the offer was made is ready to pay over such price upon delivery of a deed.

This action was brought in the District Court for Nicollet County, to enforce specific performance of an alleged contract for the purchase and sale of certain described real estate. Issue was joined, and the cause tried by the Court, (without a jury) and upon the finding of the Court a judgment was entered, directing, in substance, that the defendant should execute to the plaintiff a conveyance of the land, and in default of such conveyance within a certain specified

---

*WILSON, CH. J., on account of illness in his family, was not present at the argument of the case, and took no part in its determination.—REPORTER.

Lanz v. McLaughlin and Wife.

time, &c., the judgment should operate as a deed in fee, &c. The defendant appeals from such judgment, upon the ground of the reception of improper evidence, duly ex-cepted to, and particularly that by the evidence, no contract for the sale of the land was proven or established. There was evidence of a deposit by the plaintiff of the purchase price of the land, and notice to the defendant of the same, and readiness to pay over on delivery of the deed. The ob-jections to the evidence, and the evidence offered and admit-ted to establish the alleged contract, consisting principally of the letters of the defendant of the 16th of July and 5th of August, in answer to letters of the plaintiff, sufficiently appear in the opinion of the Court.

Certain letters written by the defendant to the plaintiff subsequent to said 5th of August were read in evidence, but they do not in terms recognize the existence of a con-tract, but rather a readiness to *negotiate* for the land, &c., and that the matter could not be concluded before the fol-lowing spring.

Sumner Ladd for Appellant.

Hanscome & Wallin for Respondent.

*By the Court.*—Berry, J.—We think that there is no evidence in this case reasonably tending to show that there was any written contract, or note or memorandum of a con-tract, to sell the land in question to the respondent, such as is required by the statute of frauds. To entitle a party to the specific performance of an alleged contract to convey real property, "the contract must be clearly proved, and its terms should be so specific and distinct as to leave no reasonable doubt of their meaning." 3 *Parsons on Con-*

*tracts*, 354, *and cases cited in note O ; Ib.* 17. In his letter of July 16th, dated at Louisville, Ky., where he resided, McLaughlin informs Lanz that he can have the land for $1500 cash, adding, "If this suits you, and you can make it convenient to call here on your route to Chicago, I will turn over everything to your entire satisfaction." In his reply of July 30th Lanz writes, "It will be impracticable for me to go to Louisville but I shall be in Chicago on the 12th of August next. At that time I shall have the $1500, and shall be ready to pay it over upon receipt of the deed. * * * I think there is no difficulty in your sending the deed to some one in Chicago who will receive the money and deliver the deed. If you have any acquaintance in Chicago, send the deed to him, and I will call on him and receive it. If you know no one there, I would recommend either of my employers, * * * If you are satisfied with this proposition, write to care of C. C. Wallin & Son, 245 Lake street, and I will receive your letter there, on the 12th of August." In answer McLaughlin writes from Louisville August 5th, to Lanz at Chicago as follows: "In reply to your communication of the 30th ult., I am ready to proceed to business. I cannot go, nor can I send the documents to Chicago, for the reasons that you allege. If you can make it convenient to come here, it will not take an hour to make out the transfer deeds."

It is quite manifest that up to this point no agreement was concluded between the parties by this correspondence. McLaughlin's letters of July 16th and August 5th contained a mere offer, or proposal, of which the answers by Lanz do not show an unqualified acceptance, or as it has been expressed in *Thomas vs. Blackman*, 1 *Coll.* (28 *Eng. Ch.*) 312, "no clear accession on both sides to one and the same set of terms." This was necessary to be shown. 1 *Hilliard*

Lanz v. McLaughlin and Wife.

*on Vendors* 14; 1 *Story's Eq. Juris.* 9th *Ed., Sec.* 736 (*c*) *Palmer vs. Scott*, 1 *Russell & M.* 394; *Huddleston vs. Briscoe*, 11 *Ves.* 583; *Eliason vs. Henshaw*, 4 *Wheaton*, 225; *Carr vs. Duval*, 14 *Peters*, 83; *Taylor vs. Merch. Ins. Co.*, 9 *How.*, (*U. S.*) 482.

After the letters above referred to had been put in evidence, the respondent was permitted to testify (defendant objecting) to facts tending to show that the propositions contained in the appellant's letters of July 16th and August 5th were accepted by the respondent verbally in person at Louisville. We are of opinion that this testimony was improperly received. The letters of July 16th and August 5th containing mere proposals, it was necessary that the proposals should be accepted by the respondent before a contract could be concluded. An oral acceptance would not satisfy the statute of frauds. The contract which could be perfected only by an acceptance of the proposal or offer, would not be a *contract in writing*, unless the acceptance was in writing. *Palmer vs. Scott, supra*, 1 *Story Eq. Juris. Sec.* 736. (*b. & c.*) *Coles vs. Trecothick*, 9 *Ves.* 234, *note* 9; *Holland vs. Eyre*, 2 *Sim. & Stu.*, 195. As to the letters written by McLaughlin subsequently to the 5th of August, certainly they do not constitute a contract, and we are of opinion that they do not amount to a note or memorandum or acknowledgment of a contract to convey the land to the respondent in pursuance of the proposal contained in the letters of July 16th and August 5th. If they have some tendency to show that an agreement or understanding of some kind had been arrived at by the parties, they do not inform us what such agreement or understanding was. Certainly it was not competent to show what it was by parol evidence. 1 *Greenleaf Ev., Sec.* 268; *Morton vs. Dean*, 13 *Met.*, 386; *Wright vs. Weeks*, 15 *N. Y.*, 153.

There was no performance or part performance by the respondent such as would take a parol contract out of the statute. The respondent did not enter into possession, and certainly neither the deposit of the price with the respondent's agents in Chicago, nor the notice of such deposit sent to the appellant, nor the respondent's readiness to pay it over upon the delivery of a deed, would constitute performance or part performance entitling the respondent to enforce a conveyance. The doctrine now generally accepted is, that not even the *payment* of a purchase price, without something more, will constitute such part performance as will take a case out of the statute. 3 *Parsons Contracts*, 394; 1 *Story Eq. Jr., Sec.* 760; 1 *L. Cases in Eq.*, 723-739. Instead of being a performance or part performance, what was done by the respondent in this instance, was rather preparatory or ancillary to a performance, and this is not sufficient. 1 *Story Eq. Juris., Sec.* 762.

The finding of the Court as to the omission of the respondent to purchase other timber lands (which he could have purchased) in consequence of his reliance upon the appellant's alleged agreement to sell him the lands in question, and that no timber lands, other than those of the appellant's can now be purchased within eight or ten miles of the respondent's timberless prairie, while it may show that the respondent has failed to consummate what would have been an advantageous bargain for him, does not, we think, furnish a sufficient ground for enforcing the specific performance asked for. The respondent has not been let into possession of the appellant's land, nor has he done any act which can be regarded as performance or part performance of the alleged contract, upon the faith of such contract.

On the whole then, we are of opinion, that the respon-

dent fails to make out a case entitling him to a specific performance of the supposed agreement which he sets up.

This conclusion renders it unnecessary to consider some of the points made upon the argument.

The judgment is reversed.