**STATE of Minnesota, Appellant,**

v.

**Michael Anthony BARNER, Respondent.**

**No. C2–92–71.**

Court of Appeals of Minnesota.

May 26, 1992.

Review Denied June 30, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin Coun-ty Atty., Michael Richardson, Asst. County Atty., Minneapolis, for appellant.

William R. Kennedy, Hennepin County Public Defender, Warren R. Sagstuen, Asst. Public Defender, Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and NORTON and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant state challenges the suppression of respondent's confession. We reverse and remand.

### FACTS

Respondent, a 35–year–old man, was charged with attempted murder and attempted aggravated robbery. During the assault, the victim struggled with his attacker and, after suffering multiple stab wounds, succeeded in wresting the knife away before the attacker fled.

A confidential informant identified respondent as the person who had attacked and stabbed the victim. Respondent was arrested and read his *Miranda* rights. Respondent then discussed the incident with the arresting officer, denying that he committed the assault.

After some discussion of respondent's first version of the occurrence, the officer stated that respondent's fingerprints had been found on the knife—which was not true. Respondent then gave a recorded and signed statement admitting and describing the incident. The statement reflects a *Miranda* warning, a waiver of those rights, and a statement that no threats or promises were made. The entire interrogation lasted from one and a half to two hours. The trial court suppressed the confession.

### ISSUE

Did the trial court err in suppressing respondent's confession based on the fact that police lied to respondent regarding the nature of the evidence they had?

## ANALYSIS

In cases in which the claim is made that a confession was involuntary or that the waiver of the *Miranda* rights was involuntary, the trial court must make a subjective factual inquiry into all the circumstances surrounding the giving of the statement. On appeal this court will not reverse any findings of fact unless they are clearly in error, but this court will make an independent determination of voluntariness on the facts as found.

*State v. Hardimon,* 310 N.W.2d 564, 567 (Minn.1981).

■ The trial court suppressed respondent's confession based on dicta in *State v. C.J.M.,* 409 N.W.2d 857, 861 (Minn.App. 1987), *pet. for rev. denied* (Minn. Sept. 18, 1987). In *C.J.M.,* an interrogating officer told the defendant that police had both blood tests and witnesses to prove the defendant committed the crimes charged, although neither existed. *Id.* at 859. Despite the officer's lies regarding evidence, this court upheld the admissibility of the defendant's confession. *Id.* at 861. In dicta, however, the *C.J.M.* court suggested that, in a later case, this court might reexamine the rule upholding a conviction when a police officer engaged in dishonesty in obtaining a confession, even without the additional factor of coercive techniques. *Id.*

Here the trial court suppressed respondent's confession because of a police lie so, by necessity, this is that later case. Appellant state challenges the suppression, arguing that falsely telling respondent his fingerprints were on the knife did not amount to coercion.

The respondent was read his *Miranda* rights, waived them and began to discuss the crime which had been committed. It was only after a period of discussion that the officer showed respondent the knife that had been used and indicated that respondent's fingerprints had been found on it.

Courts have expressed the standard for suppressing a statement in a variety of ways. The Minnesota case of *State v. Biron* indicated that "if an advantage is held out, or harm threatened," the confession must be suppressed. *State v. Biron,* 266 Minn. 272, 280, 123 N.W.2d 392, 397 (1963) (quoting *State v. Staley,* 14 Minn. 75, 79–80 (1869)). In *Lynumn v. State,* the supreme court indicated that the issue is "whether the defendant's will was overborne," thus, leading to the confession. *Lynumn v. State,* 372 U.S. 528, 534, 83 S.Ct. 917, 920, 9 L.Ed.2d 922 (1963); *see also State v. Merrill,* 274 N.W.2d 99, 106–07 (Minn.1978).

In *Frazier v. Cupp,* the United States Supreme Court dealt directly with the possible impact of police misrepresentation after a defendant had been given a *Miranda*-style warning, saying:

> The questioning was of short duration, and petitioner was a mature individual of normal intelligence. The fact that the police misrepresented the statements that [codefendant] had made is, while relevant, insufficient in our view to make this otherwise voluntary confession inadmissible. These cases must be decided by viewing the "totality of the circumstances," and on the facts of this case we can find no error in the admission of petitioner's confession.

*Frazier v. Cupp,* 394 U.S. 731, 739, 89 S.Ct. 1420, 1425, 22 L.Ed.2d 684 (1969) (citations omitted); *see also Merrill,* 274 N.W.2d at 106.

■ We hold the police lie did not make it necessary to suppress the confession. Further, we do not believe the legitimacy of a police trick depends on the sophistication of the suspect, as suggested by the concurrence.

We particularly note that respondent does not claim that the untruth led to a waiver of his *Miranda* rights to counsel. Even without that claim, respondent quotes *Miranda* as saying that:

> [A]ny evidence that the accused was threatened, tricked, or cajoled into a waiver will * * * show that the defendant did not voluntarily waive his privilege.

*Miranda v. Arizona,* 384 U.S. 436, 476, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694 (1966).

## DECISION

■ That police lied to a suspect does not alone meet any of the tests that require suppression of confessions. The trial court erred in suppressing the statement.

Reversed and remanded.

NORTON, Judge (concurring specially).

While I concur in the decision to reverse the trial court in this instance, I would do so with a different rationale.

The majority makes reference to another case involving deliberate lies by the investigating police officer, *State v. C.J.M.*, 409 N.W.2d 857 (Minn.App.1987), *pet. for rev. denied* (Minn. Sept. 18, 1987). In that case, our court indicated an intention to re-examine a conviction involving similar tactics in the future. *Id.* at 861. The majority points out this is such a case, but reverses the trial court on the rationale contained in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

While I believe the trial court should be reversed, I would do so based upon the approach of *Frazier v. Cupp*, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969). In that case, the United States Supreme Court indicated that the totality of the circumstances involved should be the basis for dealing with the impact of police misrepresentation. *Id.* at 739, 89 S.Ct. at 1425. Here, we have a respondent who has had multiple contacts with the criminal justice system, having been arrested more than sixteen times. Because of this extensive experience with police, I would not suppress his admission of this crime as I do not believe the defendant's will was overborne by this police trickery. *Lynumn v. Illinois*, 372 U.S. 528, 534, 83 S.Ct. 917, 920, 9 L.Ed.2d 922 (1963); *see also State v. Merrill*, 274 N.W.2d 99, 106–07 (Minn. 1978).