ALBERT GRENTZINGER v. STATE OF NEBRASKA.

[FILED MARCH 3, 1891].

1. **Larceny**: POSSESSION OF STOLEN GOODS: PRESUMPTION RE-FUTED.  The possession of stolen property soon after the theft may be sufficient to warrant a conviction if no facts appear in evidence to repel the presumption of guilt.  Where in a prose-cution for the larceny of a horse a witness called for the state testified that he had seen the prisoner riding the horse alleged to have been stolen and inquired of him if he had been trading, whereupon he answered " Yes," *held*, that this testimony must be submitted to the jury, and that an instruction which virtually withdrew it from the jury was erroneous.

2. ———: ———: ———.  Where there is testimony tending to show that the accused came honestly by the property, and such testimony creates a reasonable doubt in the minds of the jury that he stole the property, he will be entitled to an acquittal. (*Thompson v. People*, 4 Neb., 529, 530.)

ERROR to the district court for Richardson county. Tried below before APPELGET, J.

*Edwin Falloon*, for plaintiff in error, cited : 2 Bishop, Cr. Pro. [3d Ed.], sec. 743 ; *Lee v. State*, 11 S. W. Rep. [Tex.], 483 ; *State v. Hale*, 7 Pac. Rep. [Or.], 523 ; *Peo-*

*ple v. Cline,* 16 Pac. Rep. [Cal.], 391; *Clark v. State,* 11
S. W. Rep. [Tex.], 374; *McDaniel v. State,* 7 Id., 249;
*People v. Elster,* 3 Pac. Rep. [Cal.], 884.

*William Leese, Attorney General, contra.*

Maxwell, J.

The plaintiff in error was convicted of the larceny of a
horse and sentenced to imprisonment in the penitentiary
for the period of four years.    He now prosecutes error to
this court.

A witness named Scott testified on behalf of the state
that on the day succeeding that on which the horse was
supposed to have been taken he saw the plaintiff in error
riding the horse and asked him if he had been trading
horses and the plaintiff in error answered "Yes."

The court instructed the jury "That the possession of
stolen property recently after the theft, or after the same
was stolen, is sufficient to make out a *prima facie* case
against the defendant, and if you find from the evidence
that the mare alleged in the indictment was stolen from the
owner on the night of the 6th day of September and that
on the next day the mare was seen in the possession of the
defendant who claimed to own the mare, this is sufficient
to make out a *prima facie* case against the defendant suffi-
cient to be left to your consideration, who are the sole
judges of the facts.    That the evidence of one credible wit-
ness, swearing directly to any material fact in this case, if
uncontradicted by other evidence, or by facts and circum-
stances proven, is sufficient proof of the fact for the pur-
pose of this trial."

The instruction, as applied to the testimony, is errone-
ous.    The rule is, that the possession of stolen goods re-
cently after the theft may be sufficient to warrant a convic-
tion if no facts appear in the evidence to repel the
presumption of guilt. (1 Phillips on Evidence [4th Am.

Ed.], 634; *1hompson v. People,* 4 Neb., 529; *State v. Merrick,* 19 Me., 398.)

In the case last cited the defendant was charged with the larceny of certain sheep which he claimed to have purchased. The court held that while it might be impossible for him to prove how he came to be possessed of the property, still if he succeeded in raising in the minds of the jury a reasonable doubt that he stole it, he was entitled to an acquittal. This rule was approved in *Thompson v. People,* 4 Neb., 529, 530, and in our view is correct.

In the case at bar a witness called by the state testifies in substance that the accused claimed to have traded for the horse. This may or may not have beeen true, but the matter must be submitted to the jury.

As was said in the case cited from Maine, the accused may not be able to prove that he purchased the horse, still if he should succeed in raising a reasonable doubt of his guilt in the minds of the jury, he will be entitled to an acquittal. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.