LISH NELSON v. STATE OF NEBRASKA.

[FILED DECEMBER 18, 1891.]

**Murder:** OFFICER WITHOUT WARRANT: SENTENCE REDUCED.
The plaintiff in error was convicted of murder in the second
degree and sentenced to the penitentiary for life, upon indirect
and circumstantial evidence that he had shot a policeman in
pursuit and arrest of him, in the night time, without warrant
or knowledge of crime committed. *Held,* that the sentence be
reduced to twenty years' imprisonment under sec. 509a, Code of
Criminal Procedure.

ERROR to the district court for Adams county.   Tried
below before GASLIN, J.

*Capps, McCreary & Stevens,* for plaintiff in error.

*George H. Hastings, Attorney General, contra.*

No briefs filed.

COBB, CH. J.

The plaintiff in error was arraigned, tried, and convicted
on December 11, 1888, of murder in the second degree for
the homicide of C. J. Balcom, by gun-shot, on the night
of August 5, 1888, at the city of Hastings.

The prisoner's motion for a new trial was overruled and
he was sentenced to life imprisonment in the penitentiary
of the state.   The record of the trial is preserved in the
bill of exceptions, brought here on a petition in error, and
heard on a motion for the modification of the prisoner's
sentence.

From the record it appears that the prisoner was a col-
ored waiter, aged 17, at the Western hotel in Holdrege,
and having committed larceny of a watch, made his way on
a baggage car to Hastings.   Suspicion of larceny attaching

to the prisoner, the police officer of Hastings was notified to apprehend him, which the watchman at the railroad station attempted to do without warrant and with the outcry, in the prisoner's hearing, "there goes the black s— of a b—," at the same time throwing the light of a dark lantern suddenly in the prisoner's face, at which he fired on the watchman and ran. The watchman died of the wound the following day, after making his *ante mortem* declaration against the prisoner, which was admitted in evidence on the trial. The prisoner's explanation of his motive for firing was that he thought the sudden light from the dark lantern was the flash of a pistol aimed at him.

The watchman was without evidence or authority to arrest the prisoner for crime, except the dispatch from Holdrege, which was admitted in evidence over objections by the ruling of the court, that "It was admitted, not as the best evidence, but for the purpose of showing that the officers had probable cause for the arrest." This evidence, and that of the dying declaration of the watchman, were subsequently withdrawn from the jury before verdict, leaving no evidence that the watchman was warranted in the arrest, and that in following the prisoner with a dark lantern and an opprobrious outcry, he did it at a disadvantage and at his peril. The prisoner, finding himself pursued by a dangerous enemy, fired the pistol, as he most probably believed, in self-defense. This more pertinently appears in the testimony of prosecuting witnesses that when the prisoner was asked by the watchman who pursued and arrested him, "Why did you shoot me?" answered, "You flashed your lantern on me and I thought it was a gun, and I shot."

The rule of criminal law is settled that an officer without warrant acts as an individual without police authority unless he witnesses the criminal act; and he must have notice that the crime has been committed, and that the prisoner arrested is the guilty party. This was properly laid down by the XI paragraph of the court's instruction:

37

" If you find a larceny had been committed, and that Balcom had reasonable ground to believe that the accused was guilty of the offense, he would have authority to arrest the accused until a warrant could be obtained, if within a reasonable time, and if you find the prisoner in such condition purposely killed the deceased to prevent or escape arrest, you must find him guilty of some degree of homicide."

The converse of the proposition must be equally true. If there was but a suspicion without known grounds that a larceny had been committed by the prisoner, the watchman was without authority to pursue and arrest him in the manner related; and the prisoner, upon conviction, from indirect and circumstantial evidence, would not seem to have been guilty in the highest degree of homicide without *malice prepense.*

In accordance with the provisions of an act entitled "An act to provide for the supreme court to reduce the sentence of persons convicted of crime when pending in the supreme court on error, and to allow the court to render such sentence against such person as may be warranted by the evidence," approved March 31, 1887, the sentence of the plaintiff in error is hereby reduced from the term adjudged by the district court to that of twenty years' imprisonment, from the date of his commitment to the penitentiary of this state, which commuted term he is hereby sentenced to serve.

JUDGMENT ACCORDINGLY.

THE other judges concur.