## WILLIE ROBB v. STATE OF NEBRASKA.

[FILED SEPTEMBER 28, 1892.]

1. **Larceny**: EVIDENCE: POSSESSION OF STOLEN PROPERTY. The possession of stolen property, recently after the larceny thereof, when unexplained, may be sufficient to warrant the jury in inferring the guilt of the party in whose possession it is found. Whether such inference should be drawn is a question of fact exclusively for the jury.

2. ———: ———: INSTRUCTIONS. On a prosecution for larceny, a charge that "the possession by an accused person of personal property proved to have been recently stolen is sufficient to fasten the guilt of its larceny upon the accused *prima facie*, and calls upon him to prove the innocence of his possession," is erroneous, in that it omits to state that it is only when the possession is unexplained that the inference of guilt arises, and because it is in effect an instruction that the burden of proof shifted during the trial to the defendant.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*W. L. Cundiff*, for plaintiff in error:

It was error for the court to instruct the jury that the possession by an accused person of property proved to have been recently stolen is sufficient to fasten the guilt of its larceny upon the accused *prima facie*, and calls upon him to prove the innocence of his possession. (*People v. Ah Ki*, 20 Cal., 178; *Thompson v. People*, 4 Neb., 529; *People v. Juan Antonio*, 27 Cal., 404; *Durant v. People*, 13 Mich., 352; *State v. Merrick*, 19 Me., 398; Thompson on Trials, 2535; 1 Phillips, Evidence, 638; *People v. Noregea*, 48 Cal., 123; *People v. Chambers*, 18 Id., 383; *State v. Hodge*, 50 N. H., 510; 1 Greenleaf, Evidence 34; 3 Id., 31.)

*George H. Hastings, Attorney General, contra,* cited: *Thompson v. People*, 4 Neb., 528; *Thompson v. State*, 6

Id., 107; *Smith v. State*, 17 Id., 361; *McLain v. State*, 18 Id., 158; *State v. Merrick*, 19 Me., 398; 1 Phillips, Evidence, 634; Sackett, Instructions, 746; *Sahlinger v. People*, 102 Ill., 241; *Fowle v. State*, 47 Wis., 545; *State v. Pennyman*, 68 Ia., 216; *Johnson v. Miller*, 29 N. W. Rep. [Ia.], 743.

NORVAL, J.

The plaintiff in error was informed against in the Lancaster county district court, charged with the larceny of a gold watch from the person of one Henry Burcham on the 10th day of September, 1890. On the trial plaintiff in error was convicted and sentenced to imprisonment in the penitentiary for the period of two years and six months.

A number of errors are assigned in the motion for a new trial, but the giving of the fourth paragraph of the charge to the jury only is relied on for a reversal in this court. The instruction to which objection is made reads as follows:

"You are instructed that the possession by an accused person of property proved to have been recently stolen is sufficient to fasten the guilt of its larceny upon the accused *prima facie*, and calls upon him to prove the innocence of his possession. In this case, then, if you find from the evidence that the watch in question was stolen from the person of Henry Burcham at the time and place as alleged, and if you further find from the evidence beyond a reasonable doubt that shortly after the alleged theft the defendant herein had the watch in his possession, then the presumption *prima facie* would be that the defendant stole the watch, and such presumption would be sufficient to warrant you in finding that the defendant did steal the watch from the said Burcham at the time and place alleged in the information, unless the defendant would make some explanation, or account for the possession of said watch, upon some theory, other than having gained the

Robb v. State.

possession of said watch by theft.  But in this case, if the evidence offered by the defendant as to the manner in which he came into the possession of said watch satisfactorily accounts for the possession of said watch to your minds, or leaves a reasonable doubt in your minds as to whether or not he gained the possession of said watch honestly or not, then you should give the defendant the benefit of such explanation or doubt and acquit him."

At the consultation it was agreed that the giving of the above was seriously prejudicial to the rights of the accused. In a criminal prosecution for larceny the rule is that the possession of stolen property, recently after a larceny thereof, when unexplained, may be sufficient to warrant the jury in drawing an inference of guilt of the party in whose possession it is found.  The effect to be given to the fact of possession is solely for the jury to determine when considered in connection with all the other facts and circumstances proven on the trial. (*Thompson v. People,* 4 Neb., 529 ; *Thompson v. State,* 6 Id., 102 ; *Grentzinger v. State,* 31 Id., 460 ; 2 Thompson on Trials, 1894.)

The first part of the instruction, although in the exact language used by this court in the opinion in *Smith v. State,* 17 Neb., 361, is, we think, faulty.  It omits to state that it is only where the possession of goods recently stolen is unexplained that the presumption *prima facie* of guilt arises.  Again, the use in the charge of the sentence, " and calls upon him to prove the innocence of his possession," is certainly objectionable, as it is, in effect, an instruction that the burden of proof shifted during the trial to the accused.  While the defendant was required to introduce evidence tending to show that he came honestly by the watch, he was not obliged to establish the innocence of his possession thereof by a preponderance of the evidence, as the jury were in effect instructed by the court.  If the testimony created a reasonable doubt in the minds of the jury upon that point, the defendant was entitled to an acquittal.

True, by the last part of the charge the jury were told, in effect, that if they entertained a reasonable doubt as to whether the defendant obtained possession of the watch honestly or not, they should acquit, yet this did not cure the misstatement of the law upon that point in the same instruction, for the reason that the jury were left in doubt as to which portion of the instruction contained a correct statement of the law. (*Wasson v. Palmer*, 13 Neb., 376; *Fitzgerald v. Meyer*, 25 Id., 77; *Ballard v. State*, 19 Id., 609.) For the reason stated the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

THE other judges concur.