ALEXANDER DOBSON v. STATE OF NEBRASKA.

FILED NOVEMBER 6, 1895.    No. 6855.

Larceny: POSSESSION OF STOLEN GOODS: EVIDENCE.  The effect to be given to the fact of possession recently after the larceny of personal property is a question of fact solely for the jury to determine when considered in connection with all the other facts and circumstances proved on the trial.  Following *Robb v. State*, 35 Neb., 285.

ERROR to the district court for Cherry county.  Tried below before KINKAID, J.

The case is stated by the commissioner.

*W. H. Westover* and *Reese, Gilkinson, Comstock & Reese*, for plaintiff in error:

The court below erred in giving the following instruction: "The jury are instructed by the court possession of stolen property, recently after the same has been stolen, unexplained by the circumstances attendant thereon or otherwise, constitutes *prima facie* evidence of the guilt of the party so found in the possession thereof." (*Robb v. State*, 35 Neb., 285; *Thompson v. People*, 4 Neb., 529; *Thompson v. State*, 6 Neb., 102; *Grentzinger v. State*, 31 Neb., 460; *Pollard v. State*, 26 S. W. Rep. [Tex.], 70; *Tomerlin v.*

*State,* 26 S. W. Rep. [Tex.], 214; *State v. Walters,* 34 Pac. Rep. [Wash.], 938; *Harper v. State,* 13 So. Rep. [Miss.], 882.)

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General,* for the state.

RYAN, C.

The defendant was convicted of larceny in the district court of Cherry county and was sentenced to imprisonment for a term of three years in the penitentiary, etc. The property stolen consisted of two steers claimed to have been taken from the open prairie and shipped to South Omaha, and there sold by an agent of the plaintiff in error, under the direction of the party last indicated. On its own motion the court have the following instruction, to which the plaintiff in error duly excepted:

" 4. The jury are instructed by the court possession of the stolen property, recently after the same had been stolen, unexplained by the circumstances attendant thereon or otherwise, constitutes *prima facie* evidence of the guilt of the party so found in the possession thereof."

In *Robb v. State,* 35 Neb., 285, it was said: " The effect to be given to the fact of possession is solely for the jury to determine when considered in connection with all the other facts and circumstances proven on the trial. [Citing] *Thompson v. People,* 4 Neb., 529; *Thompson v. State,* 6 Neb., 102; *Grentzinger v. State,* 31 Neb., 460; 2 Thompson, Trials, sec. 1894." It is perhaps true that in the case just cited there was not a direct disapproval of the use of the words *"prima facie"* in the connection in which they occur in the above copied instruction, and yet, impliedly, there was such disapproval in the language quoted. If the effect to be given the fact of possession was solely for the jury, it was improper for the court to instruct that such evidence should be deemed *prima facie* sufficient for

any purpose. Whether it was *prima facie* or conclusive was solely for the jury to determine, unaided by any suggestions of the court upon that proposition of fact. For the error pointed out the judgment of the district court is

REVERSED.