FRED W. HASKINS v. STATE OF NEBRASKA.

FILED JANUARY 22, 1896. No. 7949.

1. **Criminal Law:** INSTRUCTIONS. It is error to give an instruction infringing on the province of the jury.

2. ——: ——: BURDEN OF PROOF. An instruction in a criminal case is erroneous which has the effect to shift the burden of proof from the state to the accused.

ERROR to the district court for Furnas county. Tried below before WELTY, J.

*J. G. Thompson* and *McClure & Anderson*, for plaintiff in error.

*A. S. Churchill, Attorney General, George A. Day, Deputy Attorney General*, and *John F. Fults*, for the state.

NORVAL, J.

The plaintiff in error, Fred W. Haskins, was tried in the court below upon an information filed by the county attorney, containing two counts, the first charging him with horse stealing, and the second charging him with grand larceny by stealing a certain buggy, harness, and other personal property of the prosecuting witness. The

accused, on being convicted of both offenses, was sentenced to imprisonment in the penitentiary for the term of two years, and to reverse such judgment and sentence is the purpose of these proceedings.

The crimes charged, if committed at all, occurred at the same time and as a part of the same transaction. The testimony embodied in the bill of exceptions, which was introduced on behalf of the state, tends to show that the plaintiff in error hired, for the period of three weeks, a team of horses, harness, and buggy,—being a portion of the property he was charged with stealing,—from the prosecuting witness for the alleged purpose of going from Oxford, this state, to Gretna to bale some hay; that the property was not returned to the owner within that time, and a search was instituted therefor; that plaintiff in error, instead of taking the outfit to Gretna, went to Lincoln with it, where he attempted to dispose of the same, and did sell the harness to one J. H. Philpot for the sum of $6. The horses and buggy were found at a livery stable in the capital city. The defendant below introduced evidence tending to prove that the prosecuting witness, at the time of the hiring, authorized the accused to sell or trade the property if he found an opportunity so to do. A further statement of the testimony is unnecessary to an understanding of the questions we shall consider. Forty-nine errors are assigned upon this record, but we shall only notice two, which are predicated upon the fifth and sixth instructions given by the court upon its own motion. These instructions are as follows:

. "5. If you find from the evidence that, after the taking of the property by the defendant from the complaining witness, Henry Glahn, that he sold such property, or any part of it, or attempted to sell the same or any part of it, with the intention of appropriating the proceeds thereof to his own individual use and benefit, this is presumptive evidence that the original taking of the goods was

felonious, and unless such sales or attempted sales are satisfactorily explained, you should find the defendant guilty.

"6. The court instructs the jury that, if they find that Henry Glahn, the prosecuting witness, parted with the possession of the property described in the information under the belief on his part that he was loaning such property to the defendant for a certain length of time, it is not necessary that such time should elapse before taking steps to regain possession of the same, and it is immaterial, as far as the crime charged in the information is concerned, what the length of said time was; but if at any time after the taking of said property by the defendant, either before or after the expiration of the time understood by the said Henry Glahn in which said property was to be returned, the defendant sold, or attempted to sell, said property or any part of the same with the intention of appropriating the proceeds thereof to his own individual use and benefit, then the crime charged in the information is sufficiently proven, and unless the defendant satisfactorily explains such sales, or attempted sales, you should find the defendant guilty."

Obviously both of these instructions are bad. The fifth is so conceded by the attorney general, and for that reason he has properly declined to file a brief. By these paragraphs of the charge, the jury are told that if the accused sold, or attempted to sell, the property, or any portion thereof, with the intent to appropriate the proceeds, they should infer therefrom that the original taking was felonious, and should convict, unless the sales, or attempted sales, are satisfactorily explained by the defendant. This is not the law, for two reasons. The effect to be given to the sale or attempted disposition of the property was for the jury alone to determine when considered in connection with all the other evidence adduced on the trial; hence the instructions invaded the province of the jury. Moreover, during the entire progress of the trial, the law surrounds

the defendant with the presumption of innocence, and required the prosecution to establish his guilt beyond a reasonable doubt. Yet these two instructions shifted the burden of proof from the state to the accused by requiring him to overcome the presumption of guilt which the trial court told the jury arose from the sale or attempted disposal of the property. In a criminal trial the burden of proof does not shift, but is on the state at all stages of the trial. The instructions were, therefore, erroneous and prejudicial to the prisoner. (*Burger v. State,* 34 Neb., 397; *Robb v. State,* 35 Neb., 285; *Dobson v. State,* 46 Neb., 250; *Metz v. State,* 46 Neb., 547.) For the errors indicated in these instructions the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.