O. K. PADDOCK ET AL. V. SAM GOSNEY LIVE STOCK COMMISSION COMPANY.

FILED APRIL 21, 1896.    No. 6515.

Questions of Fact: EVIDENCE: INSTRUCTIONS: REVIEW. When there is involved merely a question of fact, its determination rests with the jury, and the district court is therefore *held* properly to have admitted evidence to establish such fact and properly to have refused to instruct, upon request, that, from certain evidence stated, a certain presumption arose and that certain other evidence stated established other facts.

ERROR from the district court of Douglas county. Tried below before OGDEN, J.

*Gregory, Day & Day,* for plaintiffs in error.

*Mahoney, Minahan & Smyth* and *Ben S. Adams, contra.*

RYAN, C.

The subject-matter of this replevin suit, as to which there was a verdict, upon which a judgment was rendered by the district court of Douglas county, was a car load of steers shipped by E. W. Banks from Thurman, Iowa, to South Omaha. As these cattle were shipped in the name of said Banks, it was assumed by Paddock & Co., a firm at South Omaha, that these cattle were owned by Banks and could be subjected to the payment of a debt by him owing to said firm, and accordingly an attachment was by said firm sued out, and, thereunder, the said cattle were attached as the property of Banks. The Sam Gosney Live Stock Commission Company, a corporation doing business at South Omaha, replevied the cattle from the sheriff, joining the members of the firm of Paddock & Co. as defendants, and from the judgment in favor of the plaintiff in the district court aforesaid the defendants have prosecuted error proceedings to this court.

As might be inferred from the above statement of facts, the chief contested question was one of fact, that is to say, whether the cattle were in reality those of the Gosney Live Stock Commission Company or were owned by, and therefore were subject to seizure for satisfaction of the debts of, Banks. There is no room for doubt that Mr. Gosney, acting for the Sam Gosney Live Stock Commission Company, visited Thurman, Iowa, July 6, 1891, saw the cattle afterwards shipped to South Omaha, and endeavored to buy them, but, finding the price asked was greater than he was willing to pay, he did not then purchase. He, however, told Paul Bros., bankers at Thurman aforesaid, that he wished to purchase these cattle if the market should become more to his liking within a short time, and in that event he would want to make arrangements through said bank. Mr. Gosney on July 8 telephoned Mr. Banks to buy the cattle at the price at which they had been offered, and also telephoned Paul Bros. to honor a draft on the Sam Gosney Live Stock

16

Commission Company, drawn by Banks, for the purchase price of the cattle. This was accordingly done and the cattle were purchased, but Banks, without the knowledge of the aforesaid commission firm, shipped the cattle to South Omaha in his own name. It is complained that there was admitted evidence of the transaction in Iowa, but we can see no good reason for excluding this testimony, for the question was whether, in reality, Banks was the owner of the cattle upon which the levy had been made. It was therefore necessary to show such facts as served to show whether or not Banks was the owner of the cattle, and certainly the arrangement previously made for furnishing the necessary money was material, as was also the proof that in pursuance of such arrangement the required money was actually supplied through Paul Bros.

It is urged that the court should have given instruction numbered 3 asked by the plaintiff in error. This instruction was to the effect that the purchase of the cattle by Banks in his own name, and payment by checks drawn on Paul Bros., raised a presumption that Banks was the owner of the cattle at the time they were purchased and shipped. The court upon its motion had instructed that the burden of the proof was upon the defendant in error to establish by the preponderance of the proof every material disputed allegation of its petition. This was as much as the court was bound to do, for what presumption was to be entertained from proof of certain facts was a question for the jury alone to determine. (*Dobson v. State*, 46 Neb., 250, and authorities cited; *Metz v. State*, 46 Neb., 547.)

The fifth instruction asked by plaintiff in error was properly refused, for it required the jury to pass upon the effect of a mere guaranty of the Gosney Live Stock Commission Company to Paul Bros. The evidence did not tend, even remotely, in any fair view of it, to establish such a relation between the parties concerned; hence this instruction was properly refused.

There was an attempt in the sixth instruction, by the plaintiff in error, to state what facts would be sufficient to constitute Banks the owner or not the owner of the cattle in dispute.   This matter of ownership was a question of fact to be determined by the jury upon its own estimate of the weight of the evidence as a whole, and an instruction which sought to perform this duty for the jury was properly refused.

These are all the questions discussed and the judgment of the district court is

AFFIRMED.