P. C. DURFEE v. STATE OF NEBRASKA.

FILED DECEMBER 22, 1897. No. 9469.

1. **Criminal Law:** REFUSAL TO APPOINT COUNSEL FOR ACCUSED: REVIEW. The action of the trial court in overruling a motion for the assignment of counsel to defend a prisoner cannot be reviewed here, where the evidence adduced on the hearing was not preserved by a bill of exceptions.

2. **Bill of Exceptions:** RECORD OF VOIR DIRE EXAMINATION. The certificate of the trial judge to a bill of exceptions "that the foregoing is all the evidence offered by either party on the trial of the cause" is not sufficient to embrace the *voir dire* examination of a juror, or the evidence adduced on the hearing of a challenge to the whole panel or array of jurors.

3. **Intoxicating Liquors:** UNLAWFUL SALE: EVIDENCE. In a prosecution under section 20, chapter 50, Compiled Statutes, for keeping intoxicating liquors for sale in violation of law, the possession of such liquors by the accused is presumptive evidence of guilt in the district court, as well as before the examining magistrate, unless the accused "shall satisfactorily account for and explain the possession thereof, and that it was not kept for an unlawful purpose."

ERROR to the district court for Furnas county. Tried below before NORRIS, J. *Affirmed.*

*L. H. Alberti* and *McClure & Anderson,* for plaintiff in error.

*C. J. Smyth, Attorney General, Ed .P. Smith, Deputy Attorney General,* and *John Stevens, Jr.,* for the state.

NORVAL, J.

This was a prosecution under section 20, chapter 50, Compiled Statutes, for unlawfully keeping for purpose of sale, without a license, certain intoxicating liquors. The accused was convicted, and from the sentence imposed upon him, error is prosecuted to this court.

Application was made to the district court for the appointment of counsel to defend the accused, which request was denied. A reversal cannot be had on account of this ruling for several reasons: First—The assignment of counsel to make the defense was based upon the alleged poverty of the accused. The bill of exceptions contains no evidence tending to establish that he had neither money, property, nor funds with which to employ or secure counsel to make his defense. So far as this record discloses it may have been proven to the satisfaction of the court below that the prisoner possessed ample means with which to procure the assistance of an attorney. It is true the transcript contains an affidavit of poverty, but it cannot be considered, since it is not incorporated in the bill of exceptions. (*Minick v. Minick,* 49 Neb. 89; *Rosecrans v. Asay,* 49 Neb. 512; *First Nat. Bank of Madison v. Carson,* 48 Neb. 763; *Hudson v. Pennock,* 48 Neb. 359.)

Second—The accused does not appear to have been prejudiced by the ruling, inasmuch as the record discloses that he was assisted in making his defense by three able lawyers. Third—The statute has made no provision for the assignment of counsel for pauper or indigent prisoners in prosecutions for misdemeanors. (Criminal Code, sec. 437.)

The accused challenged the entire panel or array of petit jurors for the term of court at which he was tried, on the ground that they were not apportioned among the several precincts of the county as provided by law, which motion was overruled, as were likewise the several challenges of jurors for cause made by the accused. Those rulings are now complained of but they are not available, because the evidence adduced regarding said matters is not properly preserved by the bill of exceptions. What purports to be the *voir dire* examination of the jurors, the challenge to the array, and certain affidavits and certificates of the county clerk, are included in the bill of exceptions, but they are not authenticated by the certificate of the trial judge. He merely certifies "that the foregoing is all the evidence offered or given by either party on the trial of the cause." This is insufficient to show that the bill of exceptions contained either the testimony on the hearing of the challenge to the panel, or the *voir dire* examination of the jurors. Those matters did not occur during, but preceded, the trial.

The giving of the following instruction is alleged as error:

"7. You are instructed under the statute governing this case, and heretofore quoted to you in these instructions, it is only necessary for the state to show that the defendant had the liquors described in the information, or some of them, in his possession. After this has been shown by the prosecution, the law presumes that such liquors were kept in violation of the law, unless the defendant satisfactorily accounts for, and explains, the possession of such liquors; and if the prosecution has shown that the liquors, or any of them, described in the

information were found in the possession of the defendant, as alleged in the information, the burden of proof is then upon the defendant to satisfactorily account for and explain his possession of such liquor or liquors."

Three criticisms upon this instruction are made by counsel, viz.: (1.) That section 20, chapter 50, Compiled Statutes, shows that the legislature intended that the presumption of guilt arising from the possession of intoxicating liquors should be indulged alone before the examining magistrate, and such presumption does not obtain in the district court.   (2.) The instruction is erroneous because it shifts the burden of proof from the state to the accused.   (3.) The instruction is in conflict with number 5 given by the court on its own motion.   The first two objections, for convenience, will be considered together.

Section 20 of said chapter 50 provides: "Hereafter it shall be unlawful for any person to keep for the purpose of sale without a license any malt, spirituous, or vinous liquors in the state of Nebraska; and any person or persons who shall be found in possession of any intoxicating liquors in this state with the intention of disposing of the same without license in violation of this chapter, shall be deemed guilty of a misdemeanor and, on conviction thereof, shall be fined or imprisoned as provided in section 11 of this chapter."   The section, after providing for the filing of a complaint for a violation of its provisions, the issuing of a warrant for the search of the premises, and for the arrest of the person described in such complaint and warrant, and what the officer shall do under the writ, declares that "the possession of any of said liquors shall be presumptive evidence of a violation of this chapter and subject the person to the fine prescribed in section 11, unless after examination he shall satisfactorily account for and explain the possession thereof, and that it was not kept for an unlawful purpose."   The instruction criticised correctly stated the effect of the foregoing provisions of the law under which

the prosecution was instituted. The legislature has made the keeping of intoxicating liquors for sale, without a license, a crime, and has declared that the possession of such liquors shall be presumptive evidence of guilt; and, the statute not having designated any particular forum wherein such presumption shall obtain, it is manifest that the statutory presumption of guilt arising from the possession of intoxicating liquors should be indulged in the district and supreme courts, as well as upon the preliminary hearing before the examining magistrate. The presumption, however, is not conclusive, but may be overcome if the accused shall satisfactorily account for and explain the possession of the liquors, and show they were not kept for an unlawful purpose. The effect of the statute under consideration was to cast the burden upon the person having intoxicating liquors in his possession to establish that they were not kept for sale in violation of law; and the jury were properly so advised. *Robb v. State*, 35 Neb. 285, has no bearing upon the question. That was a prosecution for larceny in which the trial court charged that "the possession by an accused person of property proved to have been recently stolen is sufficient to fasten the guilt of its larceny upon the accused *prima facie* and calls upon him to prove the innocence of his possession." This instruction was held erroneous for the reason it failed to state that it is only when the possession is unexplained that the inference of guilt may be indulged, and because it also casts the burden of proof upon the accused. There exists in this state no statute relating to larceny which makes the possession of stolen property presumptive evidence of the theft, or which requires the accused "to satisfactorily account for and explain the possession thereof and that he did not steal the property." The decision mentioned does not conflict with the views already expressed.

Instruction No. 7 in no manner conflicts with the principles announced in the fifth paragraph of the charge of the court, but one is in perfect harmony with the other.

It is finally insisted that there was reversible error in giving the instruction which is in the following language: "The jury are instructed that it is not incumbent on the state to prove any specific sale to any individual on any particular date, but that the jury may consider any evidence of sale together with any other circumstances which tend to prove that the defendant was keeping in his possession in the building charged in the information either beer or whiskey, with the intent of disposing of the same without first having procured a license for the sale of the same, if any such facts are proved. And you are further instructed that if you find from all the facts proved, if any such is proved, that the defendant was on the 25th day of December, 1895, keeping in his possession in the building described in the information in this case either beer or whiskey, with the intention of disposing of the same without a license, then and in that case you will find the defendant guilty as charged in the information." A single infirmity is imputed to the foregoing, which is that it directed the jurors they were not, in arriving at their verdict, confined to evidence alone, but might consider any fact or circumstance within their own knowledge which would aid them in reaching a conclusion that the accused was guilty. This criticism is very unfair. The language of the instruction will not justify the inference that the jury were warranted in going outside of the evidence adduced on the trial in deciding upon the prisoner's guilt or innocence. On the contrary, the trial court, in the language employed, confined the jury to the considering of the evidence in the case.

No reversible error appearing on the record, the judgment is

AFFIRMED.