WILLIAM H. PALMER v. STATE OF NEBRASKA.

FILED OCTOBER 21, 1903. No. 13,278.

1. **Larceny:** CONSENT: INFERENCE. In prosecutions for larceny, non-consent of the owner of the property alleged to have been stolen may, in a proper case, be inferred from circumstances.

2. ———: POSSESSION OF STOLEN PROPERTY. The unexplained possession of stolen property, shortly after the theft of it, is a fact which may justify the jury in inferring that the person so in possession is the thief.

3. ———: ———. The owner of a ranch is not in possession of an estray running with the cattle of his lessee upon the ranch, when such cattle are in the immediate charge of the lessee's servant.

4. **Instruction.** It is not error to instruct the jury that they must give the testimony of the defendant in a criminal case "only such weight" as they think it deserves.

5. ———. It is not error to refuse a requested instruction, when the substance of it has been already given.

6. **Constitutional Law.** Section 509a of the criminal code, which provides that this court may reduce an excessive sentence and pronounce such sentence as is, in the opinion of the court, warranted by the evidence in the record before it, is not violative of the provision of the constitution, which forbids the exercise by the judiciary of any power properly belonging to the executive branch of the government.

7. **Sentence.** Evidence examined, and sentence reduced from seven years to two years.

ERROR to the district court for Dundy county: ROBERT C. ORR, JUDGE. *Judgment reducing sentence.*

*John M. Ragan* and *J. W. James,* for plaintiff in error.

*Frank N. Prout,* Attorney General, *David G. Hines, W. R. Starr* and *Robert T. Potter,* for the state.

SULLIVAN, C. J.

William H. Palmer was found guilty of cattle stealing, and sentenced to imprisonment in the penitentiary.

The first assignment of error discussed by counsel is based upon the failure of the state to show by direct evidence that the stolen steer was taken by defendant without the owner's consent. The owner was not a witness and had, it would seem, no personal knowledge of the means by which he was deprived of his property. That he did not consent to the taking is a warrantable inference from the evidence. Indeed, no other inference is warrantable. Want of consent in prosecutions for larceny may be inferred from circumstances. Direct proof is not indispensable. *Wiegrefe v. State,* 66 Neb. 23.

It is claimed that the court erred in giving instruction numbered 4. This instruction is as follows:

"The jury are instructed that the possession of stolen property, recently after the larceny thereof, when unexplained, may be sufficient to warrant the jury in inferring the guilt of the party in whose possession it is found.

Whether such inference should be drawn is a fact exclusively for the jury."

This, in our opinion, is an entirely correct statement and, being applicable to the evidence, we approve it.

The third subdivision of defendant's brief is devoted to a discussion of the evidence. It is here contended that the state did not prove a felonious purpose on the part of the defendant at the time it is claimed he took possession of the steer. The animal was an estray, running with a bunch of cattle owned by Burr, and under the immediate control of Burr's servant. It was therefore in the possession of Burr and not in the possession of the defendant. The range, it is true, was owned by Palmer, but it had been leased to Burr. If Palmer took the steer for the purpose of butchering it, the taking and the intent to convert were coincident. It was not a case where the intent to convert was formed after possession had been lawfully acquired.

Exception was taken to an instruction in which the court told the jury that they must give the testimony of the defendant "only such weight as, in your judgment, it is entitled to." This was equivalent to saying that the testimony should not be given more weight than it deserved. The statement was not inaccurate or misleading, and the giving of it was not error.

It is claimed that the court erred in refusing instruction numbered 4, tendered by defendant. This instruction defined larceny, but the definition is no better than the one given by the court in the seventh paragraph of the general charge. Besides, the requested instruction was not based upon the testimony. It assumed that the steer was taken from the place where the owner kept it. This assumption was unwarranted.

The admission in evidence of various parts of the hide of the stolen steer is complained of, but, clearly, the complaint is not well founded. The identification was sufficient; and the fragments at least tended to prove that the animal was dead.

The sentence, "seven years for the larceny of a stray

steer, worth $20," is excessive and almost Draconian. It should be reduced and made to fit the crime. The trial court, in adjusting the penalty, acted within the limits prescribed by the statute; it was not bound to exercise clemency; it was under no obligation to extend to the rude frontiersman the tender consideration which it is customary to accord to those genteel persons whose criminal operations are conducted with more refinement and on a larger scale. It was, however, its duty to inflict punishment in some degree proportionate to the crime. This was not done. There is a lack of logical relation between the wrong and the punishment, and under section 509a of the criminal code it becomes the duty of this court to readjust the sentence.) We know that the validity of this statute was denied in *Barney v. State*, 49 Neb. 515, and in *Fanton v. State*, 50 Neb. 351, but after much reflection we are fully convinced that these decisions are unsound. Legislation, giving a reviewing court authority to pronounce a just sentence upon the record before it, can not, we think, be overthrown, on the theory that it confers executive power on the judiciary. This conclusion is sustained by *Fager v. State*, 22 Neb. 332; *Anderson v. State*, 26 Neb. 387; *Charles v. State*, 27 Neb. 881, and *Nelson v. State*, 33 Neb. 528. The sentence will be reduced from seven years to two years.

JUDGMENT ACCORDINGLY.