Barr v. State.

---

HARRY BARR V. STATE OF NEBRASKA.

FILED NOVEMBER 19, 1926.   NO. 25186.

1. **Criminal Law: APPOINTMENT OF ASSISTANT COUNSEL.** Whether, in a prosecution for a felony, the court should, on the application of the county attorney, appoint counsel to assist in the prosecution, presents a question addressed to the sound discretion of the court. And where, pursuant to such application, the court appoints an attorney to assist in the prosecution, error cannot be predicated thereon, in the absence of a showing that there was an abuse of the court's discretion.

2. ———: MISCONDUCT OF COUNCIL IN ARGUMENT. An assignment of error, to the effect that counsel, in the prosecution of a criminal action, has made inflammatory and unwarranted statements of fact in his argument to the jury, is unavailing, in the absence of a showing in the record that the statements complained of were actually made to the jury.

3. ———: EVIDENCE: COMPETENCY. In the trial of the defendant in a criminal action, a letter, written by a third person, in which he states that the writer, and not defendant, committed the offense, is not competent as evidence in behalf of the defendant.

4. **Larceny:** POSSESSION OF STOLEN PROPERTY. "The unexplained possession of stolen property, shortly after the theft of it, is a fact which may justify the jury in inferring that the person so in possession is the thief." *Palmer v. State*, 70 Neb. 136.

ERROR to the district court for Knox county: ANSON A. WELCH, JUDGE.   *Affirmed.*

*H. F. Barnhart, Hugh J. Boyle* and *Donald Gallagher*, for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

In the district court Harry Barr, hereinafter referred to as defendant, was convicted of the larceny of 21 young hogs, the property of one Frank Kain, and was sentenced to a term of three years in the state penitentiary. He prosecutes error to this court to review the record of his conviction.

The errors assigned and relied on are: Error of the court in permitting M. F. Harrington, an attorney, to assist the county attorney in the prosecution of the defendant; error in refusing the defendant's request that said Harrington be not permitted to make the closing argument to the jury; error in permitting the said Harrington to give his opinion as to the guilt of the defendant in his argument to the jury and in making inflammatory and prejudicial statements to the jury in the course of his argument; error in the exclusion of certain proffered evidence; and, finally, that the verdict is not sustained by sufficient evidence.

It is argued that Mr. Harrington was a private prosecutor employed by or at the instance of Mr. Kain, whose hogs had been stolen, and that he was not a fair and impartial person and was, therefore, not a proper person to assist the county attorney in the prosecution of the case. An examination of the evidence upon this point fails to show that Mr. Harrington was ever in the employ of Mr. Kain, or had ever acted as his attorney. It does show that Mr. Kain approached the county attorney, asking to have some one assist him in the prosecution, and that the county attorney evinced his willingness to have such assistance; that Mr. Kain, with the purpose of employing him, called

on Mr. Harrington, but the latter informed Mr. Kain that he could not accept a retainer from him; nor could he act as a prosecutor or assistant prosecutor except that he be appointed by the court and employed and paid by the county. Thereafter, 30 or 40 citizens called upon the county board and petitioned for the appointment of Mr. Harrington to assist in the prosecution of the case. The county board passed a resolution to employ Mr. Harrington and fixed the compensation that the county should pay therefor. Mr. Harrington appeared in the county court, pursuant to this resolution, and assisted at the preliminary hearing. In the district court objections were made to his appointment, and the facts above related developed. Thereupon, the court, on its own motion, called Mr. Harrington to the witness-stand and fully and thoroughly interrogated him as to his relations to the prosecuting witness and to the defendant, from which it appears that there was no occasion for any feeling of hostility on the part of Mr. Harrington toward the defendant, and that there was no reason why he could not, and would not, be fair and impartial in the prosecution of the case as an assistant to the county attorney. Thereupon, the court made the appointment upon the application of the county attorney.

Section 4916, Comp. St. 1922, provides that the county attorney of any county may, under the direction of the district court, procure such assistance in the trial of any person, charged with a felony, as may be necessary for the trial thereof, and such assistant, or assistants, shall be allowed such compensation for his services as the county board shall determine. The application of the county attorney for the appointment of Mr. Harrington to assist in the prosecution presented a question addressed to the sound discretion of the trial court.

In *Baker v. State*, 112 Neb. 654, it is held: "Where a county attorney requests and the court appoints counsel to assist in the prosecution of a felony case, a verdict will not be vacated for that reason in the absence of a showing

which discloses that the defendant has been thereby prejudiced in his substantial rights."

And in *Gragg v. State,* 112 Neb. 732, it is held: "When, under section 4916, Comp. St. 1922, a county attorney, under the court's direction, procures counsel to assist in the prosecution of a person charged with a felony, it is not error for the court to overrule defendant's objection to such appointment, unless it is shown that the appointment was made under a mistake of fact or under such circumstances as would reasonably tend to preclude the accused from having a fair and impartial trial and thereby prejudicially affect his substantial rights."

In the instant case it is not made to appear that the appointment was made under a mistake of fact or under such circumstances as would preclude the accused from having a fair and impartial trial. No abuse of discretion on the part of the court in making the appointment is shown. The assignment of error is not well taken.

With respect to the assignment that the court erred in permitting Mr. Harrington to make the closing argument to the jury, it may be observed that the record fails to show that Mr. Harrington made any argument to the jury. Error will not be presumed, but, to be available, it must be made to appear from the record.

As to the assignment that Mr. Harrington, in his argument to the jury, made inflammatory statements and stated his opinion of defendant's guilt, it is sufficient to say that the record fails to disclose that any such inflammatory statements were made, or that the opinion of Mr. Harrington was ever stated to the jury. The assignment is without merit.

The evidence, exclusion of which defendant assigns as error, is a letter written by defendant's son and addressed to Mr. Kain, the prosecuting witness, in which the writer of the letter stated that he was responsible for the hogs being in his father's barn, and that the father had nothing to do with the transaction, and offering to reimburse Mr.

Kaïn for any damages he had sustained. In the information both defendant and the writer of the letter were charged with the larceny of the hogs. At the time of the trial the son was a fugitive from justice, and his evidence was not taken. It is clear that the letter was merely hearsay and wholly incompetent, and was properly excluded. An admission by a third person was that he, and not the defendant, committed the crime charged is not competent evidence. Wharton, Criminal Evidence (10th ed.) sec. 225; *Greenfield v. People,* 85 N. Y. 75.

As to the last assignment, that the verdict is not sustained by sufficient evidence, the record discloses that about the 29th of June, 1925, 21 hogs disappeared from the farm of Mr. Kain. On the 5th of July following, the hogs were found in a barn on a farm operated by defendant. The defendant admitted that the hogs were in the barn on his premises, and that he had fed and watered them. When Mr. Kain, the owner of the hogs, came to his place and demanded the hogs, defendant inquired: "What hogs?" Mr. Kaïn's answer was: "My hogs. You have got them shut up here in this barn." To which defendant replied: "Take your hogs. I don't know who they belong to." Defendant did not attempt to account for the possession of the hogs, and gave no good reason why he was feeding and watering them in his barn. He testified that he did not know the hogs were in his barn or on his premises until the 5th day of July. The defendant did not live upon the farm where the hogs were found, but some distance therefrom. He kept his horses in the barn on the farm and drove back and forth from his residence to the farm. There was evidence tending to show that on the 30th of June defendant was on the farm, using his horses in cultivating corn, and that it would have been impossible for him to enter the barn for his horses, or take them therefrom, without seeing the hogs. Under all the circumstances, we think the evidence was sufficient to justify the jury in finding defendant guilty.

In *Palmer v. State,* 70 Neb. 136, it is said: "The unexplained possession of stolen property, shortly after the theft of it, is a fact which may justify the jury in inferring that the person so in possession is the thief." To the same effect are *Williams v. State,* 60 Neb. 526, and *Dobson v. State,* 46 Neb. 250.

The record is free from prejudicial error, and the judgment is

AFFIRMED.

Note—See (4) 17 R. C. L. 71 et seq.; 3 R. C. L. Supp. 637; 4 R. C. L. Supp. 1109.