FRANK MANTELL, APPELLANT, v. JAMES M. JONES, WARDEN, NEBRASKA STATE PENITENTIARY, APPELLEE.

36 N. W. 2d 115

Filed February 25, 1949. No. 32507.

*Frank Mantell,* pro se, for appellant.

*Walter R. Johnson,* Attorney General and *Leslie Boslaugh,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an appeal by Frank Mantell from a judgment of the district court for Lancaster County, Nebraska, denying his release from the penitentiary of the State of Nebraska on a writ of habeas corpus. James M. Jones, warden of the penitentiary, is respondent and appellee.

As petitioner the appellant filed a lengthy petition for writ of habeas corpus in the district court for Lancaster County, Nebraska. In it he declared that for many reasons he was unlawfully restrained of his liberty. To the petition the appellee filed an answer and return.

A trial was had to the court and evidence taken whereupon a judgment was rendered denying the writ and release of appellant from the penitentiary. No motion for new trial was filed.

An appeal was taken from the judgment but the evidence was not preserved and presented to this court with the appeal. There is, therefore, no question of fact which was determined by the district court before this court for review.

Since there is no bill of exceptions and no motion for a new trial, the questions properly before this court for consideration and determination are the following: Was the appellant convicted for a violation of an unconstitutional statute? Do the pleadings support the judgment?

The applicable rule as to the second question is that in the absence of a bill of exceptions and a motion for new trial the judgment will be affirmed where the pleadings state a cause of action or defense and support the judgment rendered.

In In re Application of Rozgall, 147 Neb. 260, 23 N. W. 2d 85, it was said: "When it is sought to review the judgment of the district court, no motion for a new trial having been filed, this court will examine the record to ascertain if the pleadings state a cause of action or defense and support the judgment or decree, but it will not go back of the verdict rendered by the jury or findings of fact made by the trial court to review anything done or any proceeding had."

If the statute under which appellant was informed against, tried, and convicted was not unconstitutional clearly the judgment of the district court from which this appeal is taken must be sustained.

There was a proper petition for a writ of habeas corpus in which was set forth the information on which appellant was tried and convicted. To the petition the respondent therein, appellee here, filed an answer and return. The return recited the judgment of conviction. The judgment responded to and was sustained by a denial contained in the answer and return to the allegations of the petition. Therefore it must be said that in the pleadings a defense was stated and that the judgment supports the defense pleaded.

As to the first question appellant contends that he was informed against, tried, and convicted under section 28-522, R. S. 1943, which section he contends is unconstitutional. He contends that it is violative of the Fourteenth Amendment to the Constitution of the United States in that it deprives of liberty without due process and equal protection of the law. The section is the following:

"Any person who steals or attempts to steal an automobile or motorcycle, of any value, or who receives or

buys or conceals an automobile or motorcycle, of any value, knowing the same to have been stolen, with intent thereby to defraud the owner; or who conceals any automobile or motorcycle thief, knowing him to be such, shall be deemed guilty of a felony, and upon conviction shall be imprisoned in the penitentiary not less than one year nor more than ten years. The possession of such property without the consent of the owner and without a certificate of registration issued to the possessor as required by law, shall be prima facie evidence of guilt. The possession by any person of a motor-driven vehicle with engine numbers removed or mutilated so as to make identification difficult, shall be prima facie evidence of theft of such vehicle or receipt of such vehicle knowing the same to have been stolen; and the burden of proof of ownership shall fall on the person or persons in whose possession such vehicle may be."

The information does not state that it was under this section of the statute that appellant was prosecuted but we think it sufficiently appears that this was true.

It is to be observed that it is not urged that the portion of the section definitive of the acts condemned and fixing the penalty for such acts is in itself unconstitutional. The contention is in substance that the section is unconstitutional for the reason that the last quoted sentence makes proof of the acts condemned prima facie sufficient if there is evidence that the accused has possession of the property without the consent of the owner and without a certificate of registration therefor. In other words the contention is that the statute is unconstitutional because it says that evidence of this quality and character amounts to a prima facie case of guilt of the acts condemned.

"Prima facie case" has been variously defined: In Black's Law Dictionary (3rd ed.), p. 1414, it is defined as follows: "A litigating party is said to have a prima facie case when the evidence in his favor is sufficiently strong for his opponent to be called on to answer it. A

prima facie case, then, is one which is established by sufficient evidence, and can be overthrown only by rebutting evidence adduced on the other side."

In 49 C. J., Prima Facie, p. 1346, it is defined in different words but in the same substance.

In criminal cases it means a state of facts sufficient to entitle the State to have a case go to a jury (State v. Hardelein, 169 Mo. 579, 70 S. W. 130), or in other words, that amount of evidence which is sufficient to counterbalance the general presumptions of innocence, and warrant a conviction, if not encountered and controlled by evidence tending to contradict it and render it improbable, or to prove facts inconsistent with it. State v. Hardelein, *supra;* Commonwealth v. Kimball, 24 Pick. (Mass.) 366; People v. Haack, 86 Cal. App. 390, 260 P. 913; Sellers v. State, 11 Okl. Cr. 588, 149 P. 1071; Caffee v. State, 11 Okl. Cr. 485, 148 P. 680.

The theory of appellant appears to be that the Legislature may not constitutionally declare what evidence may be deemed and taken as prima facie proof of a charge in a criminal action.

The authority relied upon by appellant does not support the theory. The case upon which he relies is Tot v. United States, 319 U. S. 463, 63 S. Ct. 1241, 87 L. Ed. 1519. In a concurring opinion in this case by Mr. Justice Black, it was said: "The Act authorizes, and in effect constrains, juries to convict defendants charged with violation of this statute even though no evidence whatever has been offered which tends to prove an essential ingredient of the offense. The procedural safeguards found in the Constitution and in the Bill of Rights, * * * stand as a constitutional barrier against thus obtaining a conviction, * * *. These constitutional provisions contemplate that a jury must determine guilt or innocence in a public trial in which the defendant is confronted with the witnesses against him and in which he enjoys the assistance of counsel; and where guilt is in issue, a verdict against a defendant must be preceded

by the introduction of some evidence which tends to prove the elements of the crime charged. Compliance with these constitutional provisions, which of course constitute the supreme law of the land, is essential to due process of law, and a conviction obtained without their observance cannot be sustained."

It will be observed that the opinion was there condemning a statute which authorized juries to convict without evidence and not one such as the one here which declares only that a prima facie case is made where certain named and defined incriminating evidence does appear.

The opinion did not condemn the right of the Legislature to declare a statutory presumption where such a presumption would reasonably flow from such proof as was contemplated by the act. The thing condemned was a presumption having no rational connection between the fact or facts proved and the ultimate fact presumed. In that connection in the majority opinion it was said:

"Under our decisions, a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience. This is not to say that a valid presumption may not be created upon a view of relation broader than that a jury might take in a specific case. But where the inference is so strained as not to have a reasonable relation to the circumstances of life as we know them, it is not competent for the legislature to create it as a rule governing the procedure of courts."

In Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904, the court, in construing a statute which provided that proof of possession of smoking opium was sufficient to authorize conviction of the offense of concealing smoking opium unless the defendant explained the possession to the satisfaction of the jury, said: "It does no more than to make possession of

the prohibited article prima facie evidence of guilt."

In Thompson v. The People, 4 Neb. 524, this court said: "The better rule however seems to be, that if the possession of the stolen article be recent after the theft, such evidence is sufficient to make out a prima facie case, proper to be left to the jury, who are the sole judges of the effect that should be given to it." See, also, McLain v. State, 18 Neb. 154, 24 N. W. 720; Grentzinger v. State, 31 Neb. 460, 48 N. W. 148; Robb v. State, 35 Neb. 285, 53 N. W. 134; Palmer v. State, 70 Neb. 136, 97 N. W. 235; Kurpgeweit v. State, 97 Neb. 713, 151 N. W. 172; Barr v. State, 114 Neb. 853, 211 N. W. 188.

In Greenough v. State, 136 Neb. 20, 284 N. W. 740, it was said: "Under the doctrine announced in this state no presumption of guilt arises from the mere possession of stolen property. The force and effect to be given the fact of possession of stolen property recently after the theft, and the sufficiency or insufficiency of such evidence, are solely for the jury when weighed in connection with all other evidence adduced at the trial."

In these cases no procedural statute such as the one being considered here was involved but the pronouncements serve to show that from earliest times this court has recognized a rational connection between unexplained possession of stolen property and presumed guilt of the possessor.

While the opinion in Greenough v. State, *supra*, declares that under the doctrine of this state no presumption of guilt arises from the mere possession of stolen property it neither directly nor by reasonable inference denies the power of the Legislature to declare a statutory presumption upon proof of facts if the proved facts bear a rational relationship to the ultimately presumed fact.

In another class of cases this court has definitely declared that the power exists to constitutionally enact such legislation. In Parsons v. State, 61 Neb. 244, 85 N. W. 65, a case involving a statute declaring possession of intoxicating liquor presumptive evidence of the keeping

of intoxicating liquor for the purpose of sale without a license, this court declared that it was competent for the Legislature to provide that certain facts, when established, should be presumptive evidence of the material and ultimate fact to be proved. See, also, Durfee v. State, 53 Neb. 214, 73 N. W. 676.

We conclude that the rule to be applied is that an act of the Legislature declaring a prima facia case or a statutory presumption of guilt of a defined criminal offense upon proof of certain facts is valid and not subject to attack on constitutional grounds if in the light of the common circumstances and experiences of life there is a rational connection between the facts thus to be proved and the ultimate fact to be presumed.

We conclude further that the statute is immune from the attack made upon it since under the rule clearly there is a rational connection between the facts necessary to be adduced in proof of the defined criminal act and the ultimate fact to be presumed or held to be prima facie proof of the defined act.

The judgment of the district court is affirmed.

AFFIRMED.

PAINE, J., not participating.