STATE OF NEBRASKA, APPELLEE, v. ALBERT BIRD HEAD, APPELLANT.

151 N. W. 2d 615

Filed June 23, 1967. No. 36546.

Charles A. Fisher and Charles F. Fisher, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Defendant has been found guilty of stealing an automobile. He assigns error in jury instructions on prima facie evidence of guilt, as the phrase is used in the second sentence of section 28-522, R. R. S. 1943. The instructions read in part as follows:

"* * * the Statutes * * * provide that it shall be unlawful for any person to steal * * * an automobile * * * of any value * * *. The Statutes further provide that the possession of such property without the consent of the owner, and without a certificate of registration issued to the possessor as required by law, shall be prima facie evidence of guilt." (Instruction No. 4.)

"By a 'prima facie case' is meant such a case as would be sufficient to counterbalance the general presumption of innocence and warrant a conviction, if not encountered and controlled or overcome by evidence tending to contradict it and render it improbable, or to prove facts inconsistent with it." (Instruction No. 9.)

The judicial rule in theft cases ordinarily permits an inference of guilt from an unexplained, exclusive, and fairly recent possession after the theft. Palmer v. State, 70 Neb. 136, 97 N. W. 235; Robb v. State, 35 Neb. 285, 53 N. W. 134; Thompson v. The People, 4 Neb. 524; IX Wigmore on Evidence (3d Ed.), § 2513, p. 422. The basic fact in the judicial rule is one of the group composing prima facie evidence within the meaning of the statutory provision. Our interpretation reasonably strengthens the empirical connection between basic fact and inference. The basic fact in the judicial rule was erroneously omitted from the instructions.

The statutory provision does not affect the risk of nonpersuasion. If specific instructions on the inference are given, they ought to dispel any notion that proof of the basic fact shifts the burden of persuasion to defend-

ant. A jury may, but is not required to, infer guilt from existence of the basic fact. Palmer v. State, *supra;* United States v. Gainey, 380 U. S. 63, 85 S. Ct. 754, 13 L. Ed. 2d 658; State v. Thomas, 58 Wash. 2d 746, 346 P. 2d 930; State v. Thomas, 63 Wash. 2d 59, 385 P. 2d 532. In the present case the instruction defining prima facie evidence of guilt was beyond ordinary comprehension. Giving an instruction likely to confuse or mislead the jury is error. State v. Miller, 175 Neb. 213, 121 N. W. 2d 39. It was prejudicial here.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.