REQUESTED BY: Senator Lowell C. Johnson Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Johnson:
In your letter of February 20, 1981, you asked our opinion as to the constitutional validity of LB 489, in particular section 3, paragraphs 2 and 3. LB 489 involves the establishment of a penalty for tampering with meters involved in the provision of public services and utilities. Paragraph 2 of section 3 reads as follows:
 When there is no evidence to the contrary, the person performing any of the illegal acts in subsection (1) of this section and the person, who with knowledge of such violation receives the benefit of such service without proper charge as a result of such improper action shall be presumed to be responsible for such acts of tampering or diversion.
Paragraph 3 of this section merely provides for a fine of from one thousand to five thousand dollars for each such offense.
The Legislature may, of course, establish a fine as a means of punishment for the commission of a criminal offense. There is thus nothing technically wrong with paragraph 3 of LB 489, section 3. It should be noted, however, that as a criminal offense, the violation of this statute and the penalty imposed thereunder do not fall within the classification of misdemeanor offenses and penalties outlined in Neb.Rev.Stat. § 28-106 (Reissue 1979). One of the purposes of the new Nebraska Criminal Code was to classify all crimes and to establish a uniform system of penalties for the various categories. The establishment of such individualized penalties thus erodes the effort that was placed into the new Criminal Code.
Your concern with paragraph 2 appears to be that it establishes a presumption of responsibility for the illegal acts, and hence guilt, when a person receives the benefit of the services at less than the proper charge, with knowledge of the existing violation.
The Nebraska Supreme Court dealt with the situation of a statutory presumption of guilt in the case of Mantell v.Jones, 150 Neb. 785, 36 N.W.2d 115 (1949). The court concluded that:
 The rule to be applied is that an act of the Legislature declaring a prima facia case or a statutory presumption of guilt of a defined criminal offense upon proof of certain facts is valid and not subject to attack on constitutional grounds if in light of the common circumstances and experiences of life there is a rational connection between the facts thus to be proved and the ultimate fact to be presumed.
Id. at 792. The `rational connection' test has also been used by the United States Supreme Court in evaluating other such statutory presumptions in criminal cases. UnitedStates v. Gainey, 380 U.S. 63 (1965); and United Statesv. Romano, 382 U.S. 136 (1965). In Leary v. UnitedStates, 395 U.S. 6 at 36 (1969), the Court rephrased this test as follows, `A criminal statutory presumption must be regarded as `irrational' or `arbitrary' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.'
It is thus necessary to examine the presumption created in LB 489 and determine exactly what it does in the context of a criminal proceeding, and then to apply the `rational connection' or `substantial assurance' test to determine its validity. It is important to note that this section still provides that the prosecution must first establish a prima facie case. It must first be shown that the person received the benefit of such services without a proper charge as a result of a violation of the act or meter tampering, and that in turn this person had knowledge that such a violation or tampering had occurred. It is only then, and only if there has been no evidence presented to the contrary to show that this individual was not responsible, that the presumption applies that this person is responsible for the acts of tampering or diversion. Whether or not there has been any evidence presented to the contrary, appears to be a question for the finder of fact to resolve. Thus there is no automatic presumption of guilt arising under this statute. The defendant certainly has the opportunity to present evidence showing he was not in fact responsible and if he can present such evidence, there is no presumption. More importantly, all this occurs only after the prosecution has established its prima facie case.
If it can be shown that the individual had knowledge of the tampering, was receiving the benefit of the services at less than cost, and was able to present no evidence showing he was not, in fact, responsible, it appears to be entirely logical, within the realm of common experience, and virtually indisputable that this same individual is in actuality responsible for the original tampering or diversion of the services. In this regard, the test of a `rational connection' or a `substantial assurance' appears to be more than satisfied. The presumption thus appears to be constitutionally valid, and not in violation of due process. It is therefore our opinion that LB 489, section 3, is constitutional and would in all likelihood be upheld if challenged in court.
Very truly yours, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General