The Supervisors of the Town of Maple Lake, .

*v.*

The Board of Commissioners of Wright County.

The proviso, in *Sec.* 23, *page* 139, *Laws* 1860, reading as follows: "That no town shall be vacated, nor any town, with an area of thirty-six sections, or less, shall be divided, or have any part stricken therefrom, without first sub-' mitting the question to a vote of the electors of the town, " is not repealed by *Chap.* 67, *page* 137, *Laws* 1862.

The parties to this action agreed upon a case containing the facts upon which this controversy depended, and presented a submission of the same to the District Court for Wright County for its determination under the statute. The Court decided in favor of the plaintiffs. The defendants remove the cause to this Court by appeal.

H. L. Gordon for Appellant.

I. The action of the Commissioners was in strict pursuance of *Chapter* 67, *General Laws of* 1862, *page* 137, amending *Sec.* 1, *Chap* 14, *Laws* 1860—an act devoted solely to one subject, viz: "Township Organizations."

II. The mischief of the old law was that it was not in accordance with the spirit of *Sec.* 3, *Art.* 11, *Constitution*, and under it towns irregular in area and lines were erected, and farms and claims were very frequently divided by town lines. The remedy provided by *Chap.* 67, *Gen. Laws* 1862, was intended to cure this mischief to and erect as far as possible square government townships into towns.

III. The act of 1862 repeals by implication the proviso in *Sec.* 23, *Art.* 2, *Chap.* 15, *Laws* 1860. The latter act is imperative in terms and relates to only one subject. 4 *Cowen*, 556; 11 *Wend.* 329; 10 *Ib.* 547; 3 *How. U. S.* 636; 5 *Hill*, 221; 16 *Barb.* 15; 3 *Sandf.* 762.

IV. A statute is the best expositor of itself. It is only in cases where the meaning of any particular section or clause of a statute is doubtful, from the language of the act itself, that it is proper to look into *other statutes* in *pari materia* to ascertain the intent of the Legislature. *Smith's Com. Stats.*, pages 759–763–4; *Pennington vs. Coxe*, 2 *Cranch*, 52.

V. The proviso in *Sec.* 23, *Art.* 2, *Chap.* 15, *Laws* 1860, is repugnant to the act of 1862; the latter being a subsequent act, and clear, positive and definite, must control. *Smith's Com. Stats.*, page 905; *Sedgwick on Statutes*, page 125: 1 *Blackstone's Com.* 89: 1 *Ohio*, 10; 7 *Blackford*, 314; 14 *Ill.*, 106.

VI. In the language of the act of 1862, there is nothing left to construe. The Court must presume that the Legislature intended what it enacted in express and unequivocal terms. The Legislature of 1862 endeavored to carry out the spirit of *Sec.* 3, *Article* 11, *Const.*, which section must have weight in determining the intention of the Legislature. 13 *N. Y.* 78.

VII. The fact that *Sec.* 23, *page* 139, *Laws* 1860, and *Chap.* 67, *Laws* 1862, are both re-enacted in the General Statutes, can have no bearing on this case as it arose prior thereto, and it is not the province of a subsequent Legislature to construe the acts of a prior. It is the province of the Legislature to enact laws, and the province of the courts to expound them. But the re-enactment of the proviso in *Sec.* 23, *Chap.* 15, *Laws of* 1860, in the General Statutes, was evidently an oversight of the Commissioners and the Legislature.

The Sup'rs of the town of Maple Lake v. The Board of Com. of Wright Co.

CORNELL & BRADLEY for Respondents.

On the 5th of January, 1866, the town of Maple Lake, Wright County, was a legally organized town, containing thirty-six sections, and the Board of County Commissioners of that County on that day by resolution erected out of the north eighteen sections thereof a new town by the name of Chatham. Such action was based on a petition of more than twenty-five and a majority of the legal voters of such new town; but was never submitted to a vote of the electors of the town. This raises the question as to the legal existence of the town of Chatham. The Court below decided adverse thereto and defendants bring appeal therefrom to this Court.

I. The division of the town of Maple Lake, by the Board and the reduction of its limits to eighteen sections, without submitting the question to a vote of the electors of such town was illegal and void. *Chap.* 15, *Art.* 2, *Sec.* 23, *Laws* 1860, *page* 139.

(*a.*) Chapter 67, General Laws of 1862, neither in express terms nor by implication repeals any part of said section 23.

(*b.*) Repeals by implication are not favored in law. A subsequent statute, even though the words taken strictly and grammatically would repeal a former act, cannot be so construed, unless such is the manifest intention of the Legislature. Both will be upheld if by any construction they can be. There is no repugnancy in this case. *Smith's Coms.*, *p.* 879, *Secs.* 757–8.

*By the Court*—BERRY, J. The town of Maple Lake, in the county of Wright, was composed of the north half of government township No. 120, and of the south half of government township No. 121, and contained 36 sections of land. On the 5th day of January, 1866, the Commissioners of Wright county upon a petition therefor, organized the whole

of said township No. 120 into the town of Chatham; thereby the town of Maple Lake was reduced in area to 18 sections; this was done without submitting the matter to the electors of Maple Lake, and was clearly in violation of the proviso · found in *Sec.* 23, *page* 139, *Laws* 1860, which reads in this wise: "That no town shall be vacated, nor any town with an area of thirty-six sections, or less, shall be divided, or have any part stricken therefrom, without first submitting the question to a vote of the electors of the town." Under this statute, the action of the commissioners was manifestly unauthorized, and void. But it is urged that this proviso is repealed, by implication, by *Chapter* 67, *page* 137, *of Laws* 1862. *Chapter* 67 is an amendment to *Sec.* 1, *Art.* 1, *Chap.* 14, *Laws* 1860, which provided, that whenever *twenty-five legal voters of any congressional township, containing one hundred inhabitants*, should petition the Board of County Commissioners to be organized as a town, the Board should proceed to fix boundaries for such proposed new town, name the same, and should make and file a record of their proceedings.

The amendment of 1862 simply changes the first part of section 1, by providing that the County Commissioners may act as above, "*whenever a majority of the legal voters of any congressional township containing twenty-five legal voters shall petition,* &c." The appellant's counsel contends, that this *Ch.* 67, *Laws* 1862, as it confers a general power without limitation, is repugnant to the proviso in *Sec.* 23, *Chap.* 15, *Laws* 1860, before cited, (which is a limitation upon the power of the commissioners) and therefore, operates to repeal it by implication. We do not agree to this. So far as the questions before us are concerned, there is no substantial difference between *Sec.* 1 *of Art.* 1, *Chap.* 14, *Laws* 1860, and *Chap.* 67, *Laws* 1862, amendatory of said section 1; and yet said section 1 and the proviso in section 23 were passed at

the same session, and by the terms of the acts in which they are found were to take effect upon the same day. There is no reason why they might not stand together—section 1 conferring a power in general terms, and section 23 imposing a limitation thereupon. *Chap.* 67 *of Laws* 1862, purports to be an amendment of said section 1 only, makes the change to which we have referred, and was plainly designed to make such change, and for no other purpose; and section 23 might as well stand with chapter 67 as it could with the act to which chapter 67 is amendatory, and as a limitation of a power conferred in general terms. We think, therefore, that chapter 67 does not repeal section 23, and that the action of the commissioners was without authority.

The judgment of the Court below must be affirmed.