STATE OF MINNESOTA *vs.* GRANVILLE L. SPAULDING.

December 15, 1885.

Criminal Law—Murder in First Degree—Killing Officer Making Arrest.—An attempt to make an arrest by an officer authorized to make it is of itself no provocation in law, since every person is bound to submit to the ordinary course of justice, and the officer's warrant is a protection to him for all acts reasonably required for its execution. Hence the intentional killing of an officer acting in the proper discharge of his duty must ordinarily constitute the offence of murder in the first degree.

Same—Same—Killing Officer Acting under Void Process.—So the malicious and premeditated killing of an officer acting under void process, or without process, is murder, notwithstanding circumstances of provocation or conflict which might otherwise reduce the offence to manslaughter.

Same—Evidence as to Existence or Validity of Process.—But where the question of actual malice or premeditation is in dispute, and the question of the grade of the offence is open for the jury, in the case of an attempted arrest, the existence of process or its validity becomes material. Hence error in the reception of evidence of the existence or contents of a warrant (in cases where its possession is required) is presumptively prejudicial.

Same—Same—Insufficient Foundation for Secondary Evidence.— Where, upon the trial of an indictment for murder, the state undertook to justify an attempted arrest by the deceased under a warrant issued by a justice of the peace, which was claimed to be lost, before secondary evidence can properly be received of its contents the foundation must be laid therefor, by evidence sufficient to establish a reasonable presumption of its loss. The testimony of the magistrate who delivered it to the officer "that he had not since seen it, and did not know where it was; that he had searched for it thoroughly and had not been able to find it," —is not alone sufficient to raise such presumption.

Criminal Law—Manner of Making Arrest.—A party whose arrest is attempted should first be notified of the purpose of the officer. For this no particular form of words is necessary. It is enough that the officer and his business be known. Where an officer, in the first instance, used the words, "You are my prisoner," *held*, competent evidence of notification by him of his business. It is not necessary that he should exhibit his warrant before the arrest.

**Same—Justification for Killing an Officer.**—Whether or not, in a case of homicide in resisting an officer, the accused understood him to be an officer and knew his business, and also any irregularity or want of authority in making the arrest, are matters proper to be considered in determining the question of provocation or the grade of the offence; but in no event would he be justified in killing the officer (whether the arrest were duly authorized or not) unless in self-defence in order to protect himself from great and imminent personal injury, as the case would appear to men of fair average intelligence, prudence, and firmness.

**Same—Evidence Explanatory of Possession of Weapon.**—A defendant on the trial of an indictment for killing an officer while attempting his arrest may, for the purpose of rebutting evidence of malice and of preparation to resist an arrest by the officer, show that he had armed himself in expectation of a felonious assault by another party with whom he had a quarrel, and who had threatened or attempted to kill him the same day; but evidence of the transactions out of which such quarrel arose would be immaterial and improper upon examination in chief.

**Same — Comments on Defendant's Testimony.**—Where the defendant in a criminal case is sworn as a witness in his own behalf, his failure to explain or contradict evidence of conduct or admissions tending to criminate him is the proper subject of comment before the jury, and may be considered by them on the question of his credibility.

**Same—Offer of Evidence.**—Where an offer of evidence embraces several distinct facts, some of which are incompetent or immaterial, the whole may be rejected.

**Witness—Impeaching Evidence.**—Evidence offered to contradict a witness by way of impeachment must relate to a material issue.

Appeal by defendant from a judgment of the district court for Wright county, where he was convicted of murder in the first degree after a trial before *Lochren, J.,* and a jury.

*Albert F. Foster* and *J. C. Tarbox,* for appellant.

*W. J. Hahn,* Attorney General, and *James M. Martin,* for the State.

VANDERBURGH, J. The defendant shot and fatally wounded one Charles A. Washburn while the latter, a constable, was attempting his arrest, and was tried and found guilty of murder in the first degree. The alleged offence was committed at the house of one Konkler, a brother-in-law of defendant, where deceased went to make the arrest in the evening of October 19, 1884. Both parties were armed

with pistols, and each shot and wounded the other. It appears that Washburn proceeded to the house, but did not go in; that soon after the defendant made his appearance at the door, and just after he passed out the former summoned him to surrender, using the words, "You are my prisoner; hands up!" and that thereupon the firing immediately occurred. There is some conflict in the evidence on the part of the respective parties in respect to the circumstances of the attempted arrest, the position occupied by the parties, and the order in which the shots were exchanged, which must have followed one after the other in quick succession, the whole affair occupying but a brief space of time.

The evidence in behalf of the prosecution also tended to show that the defendant had the same day procured the pistol used by him, caused it to be loaded, and made threats to resist any attempt to arrest him at all hazards; that he held a pistol in his right hand as he came out of the house; and that he fired first as soon as he was spoken to by Washburn, and without waiting for or seeking any explanations. The defendant's evidence does not directly controvert the threats, but tended to prove that he was surprised, and assaulted and fired on before he shot Washburn. The credibility of the witnesses, and the intrinsic probability or improbability of their stories, was of course for the jury.

1. This statement of the evidence in this case is made with reference to the first error assigned by the defendant upon this appeal, which involves the question of the materiality of the possession of legal process by the officer, and the competency and sufficiency of the proof thereof introduced at the trial. An attempt to make an arrest, by an officer authorized to make it, can, of itself, be no provocation in law, since every person is bound to submit to the regular course of justice; and the officer's warrant is a protection to him for all acts reasonably required in order to its execution. Hence the intentional killing of an officer so acting under process, in the proper discharge of his duty, must ordinarily warrant a conviction of murder in the first degree. But all the circumstances connected with any particular case are for the jury, having respect to any mistake or misunderstanding of the parties, or irregularity or want of authority in making the

arrest, as bearing upon the question of the grade of the offence. And where there is no warrant, or it is so defective in matter of substance as to be void on its face, (in cases where a warrant is necessary,) the officer is not entitled to such peculiar legal protection; and the crime may be reduced to manslaughter where he unwarrantably attempts or persists in making the arrest, and it is committed under such reasonable provocation, or other circumstances, as to bring the case within the statute defining manslaughter. 1 Russell on Crimes, *736, *824; *Reg.* v. *Allen*, Steph. Dig. Crim. Law, 394.

But the malicious and premeditated killing of an officer or other person is murder, notwithstanding circumstances of provocation or conflict which might otherwise reduce the offence to manslaughter. *State* v. *Hoyt*, 13 Minn. 125, (132;) *State* v. *Gut*, 13 Minn. 315, (341.) Where, however, the question of actual malice or premeditation is in dispute, and the question of the grade of the offence or of justification is open for the jury, in the case of attempted arrest, the existence of process or its validity becomes material. In certain aspects of the evidence in the case at bar, therefore, the question whether the warrant under which Washburn assumed to act authorized the arrest of defendant was material; and hence error in the reception of the evidence of the existence or contents of such warrant was substantial and presumptively prejudicial.

It is suggested by the prosecution that the evidence of the threats showing malice and premeditation is undisputed, and hence, for that reason, the warrant was immaterial. It is true this evidence was not contradicted, and the defendant, who was sworn as a witness for himself, made no allusion to or explanation of the threats; but that went rather to the credibility of his testimony, leaving the burden upon the state to make out its case, and the jury to determine the truth upon the whole evidence in respect to the question of intent and the nature of the defendant's assault. *State* v. *Staley*, 14 Minn. 75, (105.)

The warrant itself was not produced at the trial, and the prosecution endeavored to lay the foundation for secondary evidence by the testimony of the justice who issued it, who testified as follows: "I don't remember that I have seen the warrant since I placed it in my brother's hands. I don't know anything at all about where it is. I

have searched for it. I have not been able to find it. I have looked for it thoroughly." Parol evidence was thereupon offered and received, against the objections of the defendant, of the charge stated in the warrant. The objections should have been sustained. No proper foundation was laid for secondary evidence. It does not appear that he made search in the proper place, nor what measures he took to find the warrant. It may be that in the interval it was lost, but we do not think this evidence was sufficient to establish a reasonable presumption of its loss, which is the object of the proof in such cases. 1 Greenl. Ev. § 558; *Thayer* v. *Barney,* 12 Minn. 406, (502.)

If we assume that secondary evidence was admissible, then we have no doubt that it was not necessary to produce the complaint and records of the justice, but the contents of the warrant might be shown by parol. It is, however, objected that the court should have required the production of the complaint as the next best evidence in degree. Conceding, for the purpose of this case, that the court may require the best evidence accessible, yet, as the warrant need only recite the substance of the complaint, and not a copy of it, it is manifest that the court was right in admitting parol evidence instead. If the complaint had been offered as secondary evidence, it could not have been received against defendant's objection. The evidence received was proper, but it should have been more full and explicit.

2. The defendant offered to prove by his wife that one Andrews had grossly insulted and abused her in his absence, and "had made threats to kill defendant, which had that day been communicated to him; and that in the afternoon of that day Andrews had attempted to carry these threats into execution; that he was a hard character; and that defendant had good reason to believe, at the time of the shooting, that this man who turns out to be Washburn was Andrews." This was offered as one entire proposition, and as such was properly rejected. In view of another trial, however, it is proper to say that so much of the offer as proposed to prove threats of Andrews communicated to defendant, and the alleged attempt to kill him on the same day, might be considered material, in connection with the fact of the existence of hostile feelings or a quarrel between them, as tending to

support defendant's theory of the case, and to explain the fact of his being armed and in expectation of an attack, and as bearing on the question of premeditation.    So, also, any legitimate evidence tending to show that defendant mistook Washburn for Andrews would be proper.    But a statement or narrative of the particulars out of which the supposed difficulty arose, including matters which had transpired between Andrews and defendant's wife, would certainly not be material or proper in chief; and, whatever the purpose may have been in offering the evidence, it would naturally tend to distract the attention of the jury to a collateral issue.

3. In respect to the evidence received to contradict the witness Konkler, by way of impeachment, the point of the defendant's objection is whether the inquiry related to a material matter.    It is evident that the subject in view was what defendant might have said to the witness in reference to an expected attempt by Washburn to arrest him.    This was, of course, material.    But the proper order of examination was not observed, and some of the objections of the defendant appear to be well taken; but, as we do not think the same questions likely to arise on a retrial, it is unnecessary to enter upon a more particular examination thereof here.

4. The declaration or summons, "You are my prisoner; hands up!" made by the deceased in the first instance, as testified to by several witnesses, was competent evidence of a sufficient notification of his object, especially in view of the fact that he was a constable, acting within his jurisdiction.    Roscoe, Crim. Ev. *760; *People* v. *Pool*, 27 Cal. 572. It might have been followed by a more full disclosure had an opportunity been given; and if the defendant understood the deceased to be an officer, and that he came to make an arrest, and for no other purpose, it was his duty to give such opportunity, or make proper inquiry to ascertain his authority, and to refrain from becoming the aggressor; and even if it were apparent that the officer was transgressing his authority in using or threatening violence, the defendant would only be warranted in using force and inflicting personal injury upon him in self-defence, the necessity or apparent necessity for which must appear; and in no event would he be justified in killing the officer (whether the arrest was duly authorized or not) unless

it should appear to be necessary in order to protect himself from great and imminent personal injury, as it would be regarded by men of fair average intelligence, prudence, and firmness. *State* v. *Sorenson*, 32 Minn. 118.

It was not necessary for the officer to exhibit his warrant before the arrest. The matter of notification in this case was, however, for the jury, as well as the question of defendant's recognition of the deceased; and it was the duty of the court to submit it to them (as we think the court intended to do) to determine whether the officer and his business were known to defendant, under the circumstances.

5. The instructions asked by the defendant were properly disposed of by the court, and the instructions given by the court upon the points raised here were in conformity with the well-settled rules of law applicable to this class of cases, and need not be particularly considered. But for the reasons before stated there must be a new trial.

Judgment vacated, and new trial ordered.