### State of Minnesota *vs.* Nellie Boyd.

### May 6, 1887.

Larceny—Finder of Lost Property.—To render the finder of lost property guilty of larceny in appropriating it to his own use, it is necessary that he found it "under circumstances which gave him knowledge or means of inquiry as to the true owner." Pen. Code, § 425.

Same—Knowledge of Ownership.—It is not necessary that he actually knew who the owner was, but he must, at the time of the finding, have such means of inquiry on the subject as to give him reason to believe that, with reasonable effort on his part, the owner will be found.

Defendant was tried and convicted in the district court for Hennepin county, before *Young, J.*, and a jury, on an indictment for grand larceny. She appeals from an order refusing a new trial.

*Merrick, Davenport & Thian*, for appellant.

*Moses E. Clapp*, Attorney General, and *F. F. Davis*, for the State.

MITCHELL, J.   To render the finder of lost property guilty of larceny in appropriating it to his own use, it is necessary that he found it "under circumstances which gave him knowledge or means of inquiry as to the true owner."   Pen. Code, § 425.   This was so at common law.   *State* v. *Levy*, 23 Minn. 104.   It is not necessary that the finder should know who the owner is, but he must have such means of inquiry on that subject as to give him reason to believe that, with reasonable effort on his part, the owner will be found.

In his instructions to the jury the learned trial judge entirely omitted this essential element, having repeatedly instructed them, in substance, that if defendant found the money on the floor, and picked it up with the intention of appropriating it to her own use, she was guilty of larceny.   The evidence as to the circumstances under which she says she found the money would have fully justified the jury in finding that defendant had "knowledge or means of inquiry as to the owner," but under the charge of the court no such question was submitted to them.

For this error a new trial must be granted.

Order reversed.