STATE v. CHARLES HOSHAW.[1]

May 15, 1903.

Nos. 13,550—(28).

### Lost Property—Larceny.

The finder of lost property is not guilty of larceny thereof, unless he appropriates the same to his own use with knowledge or means of inquiry as to the true owner, and fails to make every reasonable effort to find the owner and restore the property. *Held* error to refuse to so instruct the jury.

### Possession of Stolen Property.

The presumption arising from possession of recently stolen property is one of fact and not of law. Guilt may or may not be inferred from such possession, and whether, under the circumstances, the inference is sufficient to establish guilt, is a question of fact for the jury. *Held* error

[1] Reported in 94 N. W. 873.

to instruct the jury that possession of stolen property, under the circumstances, was prima facie evidence of guilt unless accounted for by a reasonable explanation.

Appeal by defendant from an order of the district court for Ramsey county, Bunn, J., denying a motion for a new trial, after a trial and conviction of the crime of grand larceny in the second degree. Reversed.

*Halbert & Halbert*, for appellant.

*T. R. Kane*, County Attorney, and *O. H. O'Neill*, Assistant County Attorney, for the State.

LEWIS, J.

Appellant was indicted for the crime of grand larceny in the second degree, it being charged that he stole and carried from and out of the barn of one B. Zohn a horse, of the value of $90. Upon the trial the defense was made that appellant found the horse on one of the streets in the city of St. Paul, and turned it over to a third party with the understanding that it would be delivered to the owner, if found. The court instructed the jury that the possession by appellant, under the circumstances, was prima facie evidence of guilt, unless accounted for by a reasonable explanation.

Appellant requested the court to instruct the jury as follows:

"First. That, to render the finder of lost property guilty of larceny in appropriating it to his use, it is necessary that he find it under circumstances which give him knowledge or means of inquiry as to the true owner. Second. That there must exist, on the part of the finder, both the belief that the owner can be found and the intent to deprive him of his property at the time of the finding."

These instructions were refused, and the ruling is assigned as error.

Section 6720, G. S. 1894, reads:

"A person who finds lost property under circumstances which give him knowledge or means of inquiry as to the true owner and who appropriates such property to his own use, or to the use of another person who is not entitled thereto, without having first made every reasonable effort to find the owner and restore the property to him, is guilty of larceny."

In the case of State v. Boyd, 36 Minn. 538, 32 N. W. 780, it was held that this section is a re-enactment of the common law, and that it is not necessary the finder should know who the owner is, but that he must have such means of inquiry on that subject as to give him reason to believe that with reasonable effort on his part the owner will be found.

Appellant was entitled to have the evidence on this question fairly considered by the jury. The requests should have been given, and an examination of the charge discloses that the court failed to cover the essential feature of the law presented by them.

The instruction, as given, proceeds upon the theory that, if the evidence was sufficient to satisfy the jury beyond a reasonable doubt that the horse was stolen from the barn and found in appellant's possession the next day, a prima facie case of guilt was made out, and the burden was upon appellant to show by a reasonable explanation that he was rightfully in possession of the property. Formerly there was much conflict in the authorities on this question, and some years ago the rule laid down by the trial court was quite generally accepted as correct, but in more recent years the courts have repudiated it, and now almost universally hold that the presumption, if any, arising from unexplained possession of recently stolen property, is a presumption of fact, and not one of law. Such possession may or may not be a criminating circumstance, depending upon the facts surrounding the case, and the inferences to be drawn therefrom are for the consideration of the jury. In a note to Hunt v. Commonwealth (13 Grat. 757) 70 Am. Dec. 443, 447, Mr. Freeman reviews this question, and uses this language: "Considerable confusion as to the state of the law in this regard is caused by the loose expressions used by courts in their decisions on the question. In many cases it is said that such possession raises a 'presumption' or a 'conclusive presumption' of guilt, or is 'prima facie evidence' thereof, leading to the belief that such possession raises a presumption of law as to the guilt of such party, and some courts have even so decided. A presumption of law, however, establishes a certainty, and the better opinion seems to be that such is not the effect of the possession of stolen property, and that the evidence thereof is a matter

for the consideration of the jury in the light of each particular case, and raises merely an inference of the fact of guilt of such person." See also Dobson v. State, 46 Neb. 250, 64 N. W. 956, and Pace v. State (Tex. Cr. App.) 31 S. W. 173.

It was error, therefore, for the court to instruct the jury that the mere fact that appellant was found the next morning in possession of the horse was prima facie evidence of his guilt. The jury should have been instructed that guilt might under those circumstances be inferred from the possession, if no reasonable explanation was given, but it was for the jury to determine, under all the circumstances, whether the inference of guilt was justified.

Order reversed, and new trial granted; and it appearing that appellant was sentenced to the State Reformatory, where he is now confined, it is ordered that the superintendent of that institution deliver him into the hands of the sheriff of Ramsey county for further proceedings upon the order of the court below.

Order reversed.