———o———

STATE *vs.* CHARLES WRIGHT, *alias* DICK WRIGHT, AND IRA LUFF.

*Criminal Law—Indictment—Breaking and Entering a Store in Night Time—Intent to Steal—Possession of Stolen Property —Presumption of the Stealing and Also of Breaking and Entering—Joint Possession of Accused and Another—Stolen Goods Found on Premises of Which Accused Was Tenant and Occupant.*

1. Where a store has been recently broken and entered into in which goods are kept, and such goods, or any part of them, are then and there stolen, the subsequent possession, soon thereafter, of such goods by a per-son is *prima facie* evidence of the commission of the breaking and entering as well as of the intent for which such breaking and entering was commit-

ted—that is,that the possessor of such goods is presumed to be the taker and therefore committed the whole crime, unless he satisfactorily accounts for the possession.

2.   In order that an inference of guilt may be drawn from the unexplained possession of goods recently stolen, it must be an exclusive personal possession on the part of the accused.   This does not mean that the goods must be actually in the hands of the accused, or on his person; but possession of the requisite character may be established by the fact that the goods were found on premises, or in a place, of which the accused was in the exclusive occupancy and control.   If, however, the place where the goods were found was accessible to others capable of stealing, the inference cannot be drawn, though the fact is entitled to consideration in connection with the other facts in the case.

3.   If the stolen goods were found upon the premises of which the accused was the tenant, and it is proved that he was on said premises the morning next after the alleged offense was committed, the jury may infer that the goods were upon the premises with the knowledge of the accused, and that they were in fact in his possession, unless the evidence warrants the jury in inferring the contrary.

4.   If shortly after the commission of the alleged offense, the stolen goods, or any part of them,  were found in the joint possession of the accused and another who was indicted with him, the jury may draw from such possession the same inference of guilt as to the  accused, as if they had been found in his sole possession.

*(April 5, 1907.)*

JUDGES SPRUANCE and BOYCE sitting.

*Daniel O. Hastings*, Deputy Attorney-General, for the State.

*Robert C. White* for the defendants.

Court of General Sessions, Sussex County, April Term, 1907.

INDICTMENT for breaking and entering a store in the night time with  intent to commit  larceny,  (No. 19, October Term, 1905).

See facts in charge of Court.

BOYCE, J., charging the jury:

Gentlemen of the jury:—Charles Wright, otherwise known as Dick Wright, and Ira Luff, who has not  been apprehended, were indicted jointly at the October Term, 1905,of this Court.   It is charged in the indictment that they did on the thirteenth  day of

September A. D. 1905, in the night time, feloniously break and enter into the store, at Georgetown, of Joshua T. Collins, in which said store certain money, goods, chattels and other things being the subject of larceny, were then and there kept and deposited, with the intent to commit larceny. The indictment complains of the commission of a statutory offense, which is two-fold in its character; (1) the breaking and entering, (2) with the intent to commit larceny.

In order to convict the prisoner in manner and form in which he stands indicted, you must be satisfied beyond a reasonable doubt, (1) that he did feloniusly break and enter into the store of the prosecuting witness, (2) with the intent to commit larceny—that is, with the felonous intent to take and carry away the goods and chattels kept or deposited in said store with the intent to convert them to his use, without the consent of the owner.

The State has not produced direct·evidence of the alleged breaking and entering, but has introduced evidence to the effect that certain of the goods and chattels mentioned in the indictment, were found, upon search made by officers and the prosecuting witness, in each of two houses—one in Seaford, and the other at Cannon—which said houses were then said to be held and occupied by the defendant.

Collins, the prosecuting witness, identified the said goods so found as his property and as being in his said store on the night of the alleged breaking and entering. The State relies upon this proof as *prima facie* evidence of the guilt of the prisoner in manner and form as he stands indicted, contending that his possession of the said goods, in the absence of satisfactory explanation, raises the presumption that he did break and enter the said store with the intent to commit larceny.

It is a well recognized principle of criminal law that when recently stolen property is found in the possession of a person, that person is presumed in law to be the one who stole it, unless he accounts satisfactorily to the jury for his possession of the property. This rule is uniformly applied to larceny cases in this State when the person charged was not seen in the act of committing the

theft, but soon thereafter is found with the stolen goods in his possession. Applying this rule to the evidence in this case, we say to you that where a store has been recently broken and entered into in which goods or chattels are kept or deposited, and such goods and chattels, or any part of them, are then and there stolen, the subsequent possession, soon thereafter, of such goods by a person, is *prima facie* evidence of the commission of the breaking and entering as well as of the intent for which such breaking and entering was committed—that is, that the possessor of such goods is presumed to be the taker and therefore committed the whole crime, unless he satisfactorily accounts for the possession.

In the case of *Com. vs. Millard*, 1 *Mass.*,5, the charge being that the defendant broke and entered a shop in the night time and stole therefrom divers goods, wares, etc. against the statute (a case very similar to this ), it was found at the trial that part of the goods stolen from the shop were found in the possession of the defendant. Sedgwick, J., stated this proof to be presumptive evidence not only that he stole the whole of the articles taken from the shop, but also of his breaking and entering as alleged in the indictment; unless the defendant would give some reasonable account how he came by the goods.

Counsel for the defendant contends that before there can be any presumption of guilt arising from the posession of recently stolen property unexplained, it is necessary to show that the person charged was in the exclusive possession of such property. And he has requested the Court to charge you:

1. That if you find from the evidence that the premises upon which the alleged stolen articles were found were not in the actual possession of the defendant at the time of the alleged offense you should return a verdict of not guilty.

2. That if you find from the evidence that the premises upon which the alleged stolen articles were found were in the possession of someone other than the defendant, who had the key to the premises and occupied the same as his home, you should return a verdict of not guilty.

We cannot charge you in the language of these prayers.

The rule governing a case of this character seems to be very well expressed in 18 *Am. & Eng. Ency. of Law*, 489, and it is there said: "In order that an inference of guilt may be drawn from the unexplained possession of goods recently stolen, it must be an exclusive personal possession on the part of the accused. This does not mean that the goods must be actually in the hands of the accused, or on his person; but possession of the requisite character may be established by the fact that the goods were found on premises or in a place of which the accused was in the exclusive occupancy and control. If, however, the place where the goods were found was accessible to others capable of stealing, the inference cannot be drawn, though the fact is entitled to consideration in connection with the other facts in the case."

If the stolen goods or any part of them were found upon premises of which the accused was the tenant, and if it is proved that he was on said premises on the morning next after the alleged offense was committed, the jury may infer that the goods were upon said premises with the knowledge of the accused, and that they were in fact in his possession unless the circumstances proved are such as to warrant the jury in inferring the contrary.

Whether the stolen goods or any part of them, were found in the possession of the accused shortly after the commission of the alleged offense, is a question of fact to be determined by the jury from the evidence. And if they were so found, the jury may infer that they were stolen by the accused by means of his breaking and entering the store of the owner of said goods.

If shortly after the commission of the alleged offense, the stolen goods, or any part of them, were found in the joint possession of the accused and Luff, who was indicted with him, the jury may draw from such possession the same inference of guilt as to the accused, as if they had been found in his sole possession.

If, upon the evidence in this case, you entertain a reasonable doubt as to the guilt of the accused, such doubt should inure to his acquittal. By reasonable doubt is not meant a vague, fanciful, whimsical, or even possible doubt, but such a doubt as naturally

arises out of the evidence, and such a doubt as may reasonably be entertained by men of ordinary intelligence, impartiality and judgment, after a careful and conscientious consideration of all the evidence.

With these instructions, you will take this case and, after carefully and conscientiously considering it, return your verdict in accordance with the evidence.

Verdict, not guilty.