## STATE v. LEONARD DIENGER.

176 N. W. (2d) 528.

April 3, 1970—No. 41636.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant* and *Roberta K. Levy,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, and *Darrell C. Hill,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

MURPHY, JUSTICE.

Appeal from judgment of conviction of the offense of burglary contrary to Minn. St. 609.58, subd. 2(3). Defendant contends that the trial court erred in receiving secondary evidence contrary

to the best-evidence rule and that the evidence was insufficient as a matter of law to sustain the verdict.

From the record it appears that a police officer observed defendant, Leonard Dienger, throw a brick through the window of an abandoned house in downtown Winona at approximately 2:15 a. m. on January 13, 1968. Defendant fled and was pursued by the officer, who was later joined by others who responded to a radio call. The chase ended with defendant crawling under an automobile where he attempted to conceal himself. When he was removed therefrom and arrested, one of the officers saw a crumpled piece of paper fall from his jacket but did not bother to retrieve it at that time. Defendant was taken to the police station where he was charged with vandalism and was released after posting a $25 bond. At the police station it was found that there was stuffed in defendant's jacket about $45, including 20 $1 bills. This fact caused the police to return to the scene of the arrest. They arrived there about a half hour after the initial apprehension. One of the officers picked up the piece of paper he had seen fall from defendant's jacket and observed the word "Elk" printed on one side and "Lodge" on the other. Another officer found a bottle of liquor underneath the car and retained it as evidence.

Shortly before 7 a. m. the police department was notified that the Elks Lodge had been burglarized early that morning. Entry had apparently been accomplished by throwing a brick through a window. An inventory disclosed that a bottle of liquor and about $130 in cash had been removed from the premises. The police officers again returned to the scene of defendant's arrest and, on further examination of the immediate area, found scraps of paper which, when pasted together, contained the phrase "$17.00 start kitche." This paper as later identified as a label on an envelope in which lodge members placed donations for a remodeling program. Upon investigation, it was found from the serial number on the bottle of liquor found underneath the car that the bottle was part of the stock of liquor at the Elks

Lodge. On the basis of this evidence, defendant was charged with and convicted of the offense of burglary.

■ Defendant contends that the court erred in admitting evidence of the serial number contained on the liquor bottle and that the error was fatally prejudicial. The assignment of error is expressed in defendant's brief in this language:

"The State attempted to prove that the serial number on the bottle of brandy found at the scene of appellant's arrest was in sequence with the serial numbers on other bottles of brandy at the Elks Club. Obviously, the best evidence of the serial numbers on the bottles at the Elks Club would have been the bottles themselves. Yet, the State made no effort whatsoever to preserve this important evidence. Instead, the State offered into evidence a list of serial numbers which had been made by a bartender * * *. The evidence was admitted over defense counsel's repeated objections * * *."

Defendant argues that "serial numbers, which are stamped on the seal of a liquor bottle * * *, constitute a writing. The only question is whether the State satisfactorily explained its failure to produce the best evidence." It is apparently defendant's claim that the state was obligated to produce the original case of bottles with serial numbers attached to them to show that the number found on the bottle underneath the car was in sequence with the numbers on the other bottles in the case.

It would appear from the record that the court could satisfactorily conclude that the contents of the original case were consumed and destroyed in the regular course of business and that the club management had no occasion to foresee the need of preserving the bottles. At the time of trial they did not exist and could not be produced. It is well established that where an original writing is satisfactorily shown to have been lost or destroyed, secondary evidence of its contents is admissible in the absence of any showing that the loss or destruction occurred through the fraud of the party offering the secondary evidence.

7 Dunnell, Dig. (3 ed.) § 3273. Reasonable discretion is allowed a trial court in admitting secondary evidence and applying the rule. Ostrowski v. Mockridge, 242 Minn. 265, 65 N. W. (2d) 185; State v. Taunt, 16 Minn. 99 (109); State v. Spaulding, 34 Minn. 361, 25 N. W. 793; McDonald v. United States (8 Cir.) 89 F. (2d) 128. We cannot agree that the trial court abused its discretion in permitting evidence connecting the serial number of the bottle found underneath the automobile with the club's record of the serial numbers of the bottles contained in the case from which a bottle had been taken in the burglary.

■ It is next claimed that the evidence was insufficient as a matter of law to support the verdict. The principal thrust of this claim is that there was no evidence tending to establish that defendant had exclusive possession of the stolen property. He relies on State v. Zoff, 196 Minn. 382, 265 N. W. 34, for the proposition that the incriminating evidence was not in his personal and exclusive possession.

We do not think that the law with reference to the necessity for exclusive possession of stolen property, as expressed in the Zoff case, is persuasive here. There was ample additional evidence warranting the conclusion of possession by the defendant. It appears from the record here that, on the early morning of the burglary, defendant was found in the area where the offense occurred. He was observed to throw a brick through a window much like the manner in which the entry to the Elks Lodge was apparently accomplished. His manner of flight, his attempt to conceal himself, the money found in the pockets of his discarded jacket, and the various items of evidence found at the scene of defendant's arrest connecting him with the earlier burglary of the Elks Lodge, all combined to satisfactorily establish defendant's connection with the offense. Cf. State v. Kaster, 211 Minn. 119, 300 N. W. 897. Since, on appeal, we must take the evidence most favorable to the state, in whose favor the conviction was returned, and must assume that the jury believed the state's witnesses and disbelieved anything which contradicted their

testimony, we are required to affirm. State v. Kotka, 277 Minn. 331, 152 N. W. (2d) 445, certiorari denied, 389 U. S. 1056, 88 S. Ct. 806, 19 L. ed. (2d) 853; State v. Collins, 276 Minn. 459, 150 N. W. (2d) 850, certiorari denied, 390 U. S. 960, 88 S. Ct. 1058, 19 L. ed. (2d) 1156.

Affirmed.