**Alfredo ROSILLO, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 49179.**

Supreme Court of Minnesota.

April 13, 1979.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Richard D. Hodsdon, Sp. Asst. Atty. Gen., St. Paul, Elton Kuderer, County Atty. and D. Gerald Wilhelm, Asst. County Atty., Fairmont, for respondent.

ROGOSHESKE, Justice.

Defendant Alfredo Rosillo was found guilty of burglary by a district court jury and was sentenced to a maximum term of 5 years in prison. On appeal from the order of the district court denying his petition for postconviction relief, defendant contends that (1) the evidence of his guilt was legally insufficient, (2) the trial court erred in refusing to suppress certain evidence on Fourth Amendment grounds, and (3) the trial court's jury instructions were inadequate. We affirm.

The burglary of which defendant was convicted involved a pool hall in downtown Fairmont. A tenant of one of the apartments on the second floor of the building looked out his window after midnight and observed three persons in the alley just moments before the forced entry. He recognized one of the three as defendant, who was a frequent customer at the pool hall. He also saw the three leaving the alley a short time later and again recognized defendant. A police officer arrived in time to see defendant and the other two persons standing across the street from the pool hall but did not arrest them. Several days later a Winnebago merchant, who along with others had been on the lookout for certain marked coins taken in the burglary, contacted the police after he received some of the coins from defendant and observed more of them in defendant's hand. On the basis of all this information the police applied for a search warrant to search defendant's parents' residence, where defendant lived with his parents and siblings. This search resulted in the discovery of a number of items taken in the burglary.

1. Defendant's first contention is that the evidence of his guilt was legally insufficient. There is no merit to this contention.

2. Defendant's next contention is that the trial court erred in denying a motion to suppress, on Fourth Amendment grounds, the evidence seized pursuant to the warranted search. Defendant's contention is based upon his belief that the affidavit in support of the warrant application did not demonstrate the existence of probable cause for believing that fruits of the crime would be found at the house.

Although the affidavit did not contain any averment of firsthand information that fruits of the crime would be found at defendant's residence, the Fourth Amendment does not make such information essential. All that is required is that the affidavit, interpreted in a common-sense

and realistic manner, contain information which would warrant a person of reasonable caution to believe that the articles sought are located at the place to be searched. *United States v. Rahn*, 511 F.2d 290 (10 Cir. 1975). See, also, *State v. Wiley*, 295 Minn. 411, 417, 205 N.W.2d 667, 673 (1973), where in upholding a warranted search for identification items we stated that "[i]n passing on an application for a warrant, the magistrate is not required to ignore such familiar facts of normal life as the habit of most people to have items of identification at their residence."

■ In this case the affidavit contained facts justifying the conclusion that defendant had participated in the burglary and that he still had some of the money in his possession. In view of the large number of coins taken in the burglary, over $500 worth, it is unlikely that defendant could have carried on his person all of his remaining share. Since the normal place that defendant would be expected to keep those coins which he could not carry would be at his residence, the search was properly authorized.

3. Defendant's final contention is that the court's instructions were deficient in two respects:

■ (a) First, he contends that the trial court erred in refusing to read an "elements" instruction rather than simply reading the burglary statute. As a general rule the trial court has an obligation to clearly instruct the jurors on exactly what it is that they must decide. *State v. Carlson*, 268 N.W.2d 553 (Minn.1978). Some minimal attempt to explain the elements of the offense rather than a simple reading of the statute is desirable. *State v. Thurston*, 299 Minn. 30, 216 N.W.2d 267 (1974) (granting a new trial on other grounds).[1] 10 Minnesota Practice, Jury Instruction Guides, note, p. XI, generally provides two instructions for each specific crime, the "definition" instruction and the "elements" instruction:

" * * * The 'Defined' Instruction has been kept as short as possible, and

generally follows the statutory language to the extent that the words and ideas found in the statute are familiar to lay persons. The 'Elements' Instruction breaks each crime down into its essential elements, which are numbered so that the jury may more easily remember or refer to them."

■ Although we believe that the trial court should have given an elements instruction, we do not believe that defendant was prejudiced by the trial court's failure to do so. While the jury apparently had some trouble understanding the elements of burglary, the trial court reread the definition instruction twice and the jury foreperson indicated satisfaction. In summary, we conclude that the trial court's instructions on this issue were adequate but not ideal.

(b) Second, defendant contends that the trial court erred in refusing to instruct the jury that a conviction for burglary could not be based solely on nonexclusive possession of the property stolen in the burglary. Defendant sought this instruction because the room of the house in which the police found the stolen items was a room defendant shared with a number of his siblings.

■ We agree that one may not be convicted of burglary solely on the basis of his nonexclusive possession of property taken in the burglary. *State v. Zoff*, 196 Minn. 382, 265 N.W. 34 (1936). However, we do not believe it was error to refuse the instruction in this case. The general rule is that a court need not give an instruction if the evidence does not justify it. Here the instruction was not justified because of other evidence implicating defendant. The other evidence included eyewitness identification of defendant by one who saw the burglars approach and leave the pool hall, eyewitness identification testimony placing defendant across the street within moments after the burglary, and testimony that defendant was seen in exclusive possession of some of the stolen coins a few days after the burglary. Interestingly, although he

---

1. We have encouraged trial courts to liberally exercise their discretion to allow the jury to take copies of the instructions into the jury

room. See, Rule 26.03, subd. 18(4), Rules of Criminal Procedure, and *State v. Swain*, 269 N.W.2d 707 (Minn.1978).

did not drop his request for the instruction, defense counsel all but conceded that the evidence did not justify it and that it might mislead the jury. Under the circumstances, we do not believe the trial court abused its discretion in declining to give the requested instruction.

Affirmed.