STATE of Minnesota, Respondent,

v.

Rodney Allen NEVILLE, Appellant.

No. 50199.

Supreme Court of Minnesota.

May 9, 1980.

Ragnhild Anne Westby, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

TODD, Justice.

The sole issue on this appeal by defendant of his judgment of conviction of possession of LSD with intent to distribute and simple possession of cocaine is whether the trial court erred in denying defendant's motion to suppress, which was based on a claim that the police, who discovered the drugs in a search incident to a warrantless arrest of defendant, arrested defendant without probable cause. We hold that the officers did have probable cause to arrest defendant and therefore we uphold the de-

**38**

nial of the suppression motion and affirm defendant's convictions.

On January 30, 1979, after an undercover officer arranged a purchase of LSD from one Lyle Amundson, then a resident of 3509 Bryant Avenue South in Minneapolis, a surveillance team followed Amundson to a residence at 1372 Como Avenue in St. Paul. After Amundson left this residence, the team of officers followed him a short distance before stopping him and arresting him, finding in an incidental search of his person around 1,000 "hits" of LSD, including the LSD Amundson planned to sell to the undercover agent.

A short time later four of the members of the surveillance team staked out 1372 Como Avenue in preparation for a search of the residence once another officer returned with a warrant. While waiting they saw a man get out of a blue Pinto and enter the residence. They determined that his car's license plates were registered to defendant, whose name one of the officers had come upon in connection with his involvement in a buy of LSD at 976 Beech Street in St. Paul within the previous 2 weeks. This officer, at the time of the buy, had seen this blue Pinto parked right outside 976 Beech; he had checked and learned that the car was registered to defendant and that the utilities at 976 Beech were also listed to defendant.

On the basis of defendant's connection with the residence from which the earlier LSD buy had been made and the officers' observation of defendant leaving 1372 Como in the company of someone who had been in the residence, the officers arrested defendant. A search of his person resulted in the discovery of 875 "hits" of LSD and ¼ ounce of cocaine.

■ Numerous cases establish that the mere fact that defendant was seen entering and then leaving 1372 Como at the time in question was not enough to give the officers probable cause to arrest defendant or search him. *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979); *United States v. DiRe*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); *State v. Brazil*, 269 N.W.2d 15 (Minn.1978); *State v. Slifka*, 256 N.W.2d 90 (Minn.1977); *State v. Clark*, 312 Minn. 44, 250 N.W.2d 199 (1977). For an excellent discussion of the cases, *see* 1 W. LaFave, *Search and Seizure*, § 3.6(c) (1978).

■ However, the probable cause assessment by the police in this case was based not just on their observation of defendant entering and then leaving a residence which they knew was being used as a wholesale outlet for LSD sellers. They also knew that a member of their surveillance team had been involved in an LSD "buy" at defendant's residence in another part of St. Paul within the previous 2 weeks. Bearing in mind that probable cause is what is required—that is, more than bare suspicion and less than the proof needed to convict—we conclude that under all these circumstances the officers were justified in concluding that defendant probably was involved in the drug subculture as a seller of LSD and that defendant had just resupplied himself with more LSD from his wholesaler. *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *State v. Siegfried*, 274 N.W.2d 113 (Minn.1978); *State v. Buchwald*, 293 Minn. 74, 196 N.W.2d 445 (1972). While it would have been better if the officer who had been involved in the LSD "buy" at defendant's residence had been called as a witness at the omnibus hearing, we do not believe that the state's failure to call him barred the state from relying on the information which he gave his fellow officers, in view of the apparently solid foundation for his information. 1 W. LaFave, *Search and Seizure*, § 3.5(e) (1978).

Affirmed.