317 N.W.2d 714 (1982)
STATE of Minnesota, Appellant,
v.
John Henry BROWN, Respondent.
No. 82-144.
Supreme Court of Minnesota.
April 6, 1982.
*715 Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., and Steven DeCoster, Asst. County Atty., St. Paul, for appellant.
C. Paul Jones, Public Defender, and Susan Maki, Asst. Public Defender, Minneapolis, for respondent.
Considered and decided by the court en banc without oral argument.
SCOTT, Justice.
This is an appeal by the state pursuant to Minn.R.Crim.P. 29.03[1] from an order of the district court granting defendant a new trial on charges of criminal sexual conduct in the first and second degree.
Defendant was convicted by a jury in 1980 of the charges in question on the basis of evidence that he sexually penetrated and had sexual contact with the daughter of friends of his. Sentenced to 20 years in prison, defendant appealed to this court contending primarily that the trial court had erred in denying a motion to suppress his confession. That motion was based on the fact that the confession was obtained after police initiated an interrogation of defendant after defendant twice earlier had said that he wanted counsel. In support of his claim for a new trial, defendant's attorney cited Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), which held that once a suspect has asserted his right to counsel the police may not resume questioning the suspect on their own initiative until counsel has been made available to the suspect. The state argued that Edwards deserved only prospective application and therefore did not apply to defendant's case.
Our opinion remanded the case to the trial court, stating as follows:
Appeal from a judgment of conviction of criminal sexual conduct in the first and second degree.
After the appeal was taken, the United States Supreme Court filed its opinion in Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Because this decision amplifies Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), it applies to this case. We therefore remand the matter to the district court for reconsideration of defendant's motion for a new trial in light of Edwards. (Emphasis added).
State v. Brown, 313 N.W.2d 207 (Minn. 1981).
The trial court concluded from the clear language used by the Court in Edwards that the Court saw its holding not as establishing a new rule but as reconfirming what the Court had said in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We agree and note that the United States Supreme Court itself has remanded a number of cases for reconsideration in light of Edwards, something which further supports the view that Edwards is not to be given only prospective application. Williams v. Ohio, 452 U.S. 935, 101 S.Ct. 3073, 69 L.Ed.2d 949 (1981); James v. Illinois, 451 U.S. 1014, 101 S.Ct. 3001, 69 L.Ed.2d 386 (1981); Wantland v. Maryland, 451 U.S. 1014, 101 S.Ct. 3001, 69 L.Ed.2d 386 (1981); Monroe v. Idaho, 451 U.S. 1014, 101 S.Ct. 3001, 69 L.Ed.2d 385 (1981); Leuschner v. Maryland, 451 U.S. 1014, 101 S.Ct. 3001, 69 L.Ed.2d 385 (1981); White v. Finkbeiner, 451 U.S. 1013, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981).
The only other issue raised by this appeal concerns the appealability under Minn.R.Crim.P. 29.03 of the order for a new trial. To the extent that the order is an *716 order suppressing evidence, the order should be viewed as a pretrial order concerning the retrial which the state has a right to appeal under the rules.
Remanded.
NOTES
[1] That rule provides that "The prosecuting authority may appeal to [this court] in any felony or gross misdemeanor case, as of right, from any pretrial order of the district court . . . except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense or an order dismissing a complaint pursuant to Minn.Stat. § 631.21."