STATE of Minnesota, Respondent,

v.

David Scott HUNNER, Appellant.

No. 82–593.

Supreme Court of Minnesota.

Jan. 14, 1983.

Meshbesher, Singer & Spence and Carol Grant, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., and Norman B. Coleman, Jr., and James B. Early, Sp. Asst. Attys. Gen., St. Paul, John W. Riches II, County Atty., Benson, for respondent.

YETKA, Justice.

Defendant and a codefendant were charged with possession of marijuana with intent to distribute, Minn.Stat. § 152.09, subd. 1(1) (1980). The omnibus court dismissed the complaint against the codefendant on the ground of lack of probable cause.[1] The court denied a motion to dismiss filed by defendant and denied defendant's motion to suppress a confession given by defendant following his arrest and evidence seized in a warranted search of an automobile to which defendant was connected. Defendant subsequently filed an affidavit of prejudice against the judge who presided at the omnibus hearing. Defendant's attorney then reached an agree-

1. The propriety of this ruling is not before us and we express no opinion on it.

ment whereby defendant would receive a favorable sentence in exchange for his waiving his right to a jury trial and for allowing the trial court to try him on the basis of the transcript of the omnibus hearing, defendant's statements to police, and tangible evidence ruled admissible at the omnibus hearing.[2] The trial court found defendant guilty as charged and, pursuant to the agreement, sentenced defendant to 1 year and 1 day in prison, but stayed execution and placed defendant on probation for 3 years, conditioned on defendant serving 30 days in jail and paying a fine of $500. The trial court also granted a stay to allow defendant to perfect this appeal. Issues raised by defendant on appeal are (1) whether there was probable cause to arrest him, (2) whether defendant's confession to police was properly obtained by police, and (3) whether the affidavit in support of the search warrant application contained sufficient information to justify the issuance of the search warrant. We affirm.

On the afternoon of September 2, 1981, the Swift County Sheriff's Office received information concerning a marijuana harvesting operation near a drainage ditch just off a township road in West Bank Township near Benson. They also received information that a suspicious brown Cadillac with Wisconsin license plates had been seen in the area the last several days.

The area was put under surveillance and at 6:30 p.m. that evening, the vehicle in question drove near the area, stopped momentarily, then drove on. At 10:30 p.m., the vehicle again appeared, stopped briefly near the marijuana, and let defendant out before driving on. Defendant was arrested after being observed near the marijuana. A short time later, defendant's accomplice, Thomas Wilhelm, was arrested as he walked on the road toward the marijuana.

Wilhelm's car was discovered about ½ mile away and was towed and impounded. A subsequent warranted search of the vehicle resulted in the discovery of drugs, as well as evidence connecting Wilhelm and defendant to the marijuana-harvesting operation. Among the latter evidence were a large number of Polaroid brand pictures, including pictures that the two had apparently taken of each other in the field as they harvested the marijuana.

Wilhelm refused to talk with the sheriff. Defendant asserted his right to counsel when a deputy tried to talk with him. Minutes later, however, when the sheriff reopened the issue, defendant consented to talk, saying that he would answer only the questions he wanted to answer. Defendant then gave a confession that was reduced to a typed statement and signed by him.

 There is no merit to defendant's contention that his arrest was without probable cause. *See State v. Neville,* 293 N.W.2d 37 (Minn.1980). Similarly, there is no merit to defendant's contention that the affidavit in support of the search warrant application failed to establish probable cause that contraband or evidence would be found in a search of the car. *See Rosillo v. State,* 278 N.W.2d 747 (Minn.1979).

Defendant's claim of error with respect to his confession is of greater substance.

 In *Edwards v. Arizona,* 451 U.S. 477, 484–85, 101 S.Ct. 1880, 1884–85, 68 L.Ed.2d 378 (1981), the United States Supreme Court held that, once a suspect has asserted his right to counsel, the police may not resume questioning the suspect on their own initiative until counsel has been made available to the suspect. We have dealt with *Edwards* in a number of cases, including *State v. Phelps,* 328 N.W.2d 136 (Minn.1982), *State v. Howard,* 324 N.W.2d 216 (Minn.1982), and *State v. Brown,* 317 N.W.2d 714 (Minn.1982). In this case, we need not decide whether the interrogation violated *Edwards* because any error in admitting a confession was harmless beyond a reasonable doubt. Defendant was not only caught at the scene under highly suspicious circumstances, but evidence seized

---

**2.** In *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980), we approved the use of the stipulation technique as a means of expediting the determination of guilt without waiving constitutional claims.

from the car, including the pictures, strongly connected him to the marijuana-harvesting operation. *See State v. Phelps*, 328 N.W.2d 136 (Minn.1982); *State v. Howard*, 324 N.W.2d 216 (Minn.1982).

Affirmed.